```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :    CRIMINAL ACTION
                               :    NO. 16-130-01, -02
          v.                   :
                               :
CHARLES M. HALLINAN, et al.    :
```

**O R D E R**

**AND NOW**, this **15th** day of **August, 2017,** following an August 11 hearing with counsel, the following is hereby **ORDERED:**

(1) Apex 1 Processing, Inc.'s Motion for Protective Order and to Intervene (ECF No. 130) is **DENIED**.[1] Apex 1's

---

[1] Here, Apex 1 – and not the Government – seeks the Court's reconsideration of some of Judge Surrick's grand jury rulings regarding purportedly privileged documents. Apex 1 asks the Court to protect documents that Judge Surrick allowed to be produced and admitted, while the Government does not ask for access to any documents Judge Surrick barred as privileged.

The parties agree that the law-of-the-case doctrine should apply to this matter. Under this doctrine, as Apex 1 acknowledges, a prior ruling should be reconsidered only "where there has been an intervening change in the law, where new evidence has become available, or where reconsideration is necessary to prevent clear error or a manifest injustice." Al Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp., 104 F.3d 601, 605 (3d Cir. 1997).

Apex 1 has offered one basis for reconsidering Judge Surrick's rulings on the documents at issue: the fact that the Third Circuit, in January 2017, reversed one of Judge Surrick's rulings on a different document. The Court concludes that, in the absence of a persuasive showing that the Third Circuit's decision necessarily invalidates all of Judge Surrick's other rulings as well – which Apex 1 has not made – a decision concerning one ruling does not constitute an "intervening change in the law" or "new evidence" as to every other ruling. Accordingly, Apex 1 will not be permitted to assert privileges where Judge Surrick already determined that the documents are not privileged or are pierced by the crime-fraud exception.

1

Motion for Disclosure of Sealed Filings (ECF No. 139) is **DENIED** as moot. The Government's Motion for an Evidentiary Hearing on the Apex 1 Motion to Intervene (ECF No. 146) is **DENIED** as moot.

(2) Defendants' Motion to Bar Use of E-Mail at Trial (ECF No. 132) is **DENIED**. The Government's Motion in Limine to Admit Email from Wheeler Neff to Charles Hallinan, Dated July 12, 2013 (ECF No. 148) is **GRANTED**.[2] The Government's Motion for an Evidentiary Hearing on Email Motions (ECF No. 170) is **DENIED** as moot.

---

However, Apex 1's motion is denied without prejudice as to its assertions of privilege over particular trial testimony, so long as Judge Surrick did not already rule on that testimony. Apex 1 may again move to intervene with respect to that testimony, if it becomes relevant. The Court expresses no opinion at this time as to any issues that may be raised in such a motion, including arguments the Government may make in opposition.

[2] In January 2017, the Third Circuit ruled that the email at issue was not subject to the crime-fraud exception to privileges because there was not a reasonable basis to believe the email had been used in furtherance of the crime or fraud identified by the Government. That decision did not, however, foreclose the possibility that the email was used in furtherance of a different crime or fraud, and thus still subject to the crime-fraud exception. Indeed, for the reasons argued by the Government at the August 11 hearing, the Court finds that there is a reasonable basis to suspect that (1) the defendants were committing or intending to commit tax crimes, and (2) the email was used in furtherance of those crimes. See In re Grand Jury, 705 F.3d 133, 155 (3d Cir. 2012). Accordingly, the email is subject to the crime-fraud exception and may be used as evidence at trial.

(3) Defendants' Motion to Dismiss First and Superseding Indictments (ECF No. 149) is **DENIED**.[3]

---

[3] Defendants move to dismiss both the original indictment and the superseding indictment because (1) the Government infringed the independence of the grand jury by revealing to the grand jury that documents were being introduced under the crime-fraud exception, and (2) the use of privileged documents tainted the indictment.

The United States Supreme Court has held that, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988). An exception is where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." Id. at 257. For example, racial or gender discrimination in the selection of grand jurors has "allowed a presumption that the defendant was prejudiced." Id.

The standard is high. In order "[t]o find prejudice, the district court must establish that 'the violation substantially influenced the grand jury's decision to indict,' or . . . there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." United States v. Soberon, 929 F.2d 935, 939-40 (3d Cir. 1991) (quoting Bank of Nova Scotia, 487 U.S. at 256). Precedential courts have determined that prosecutors' presentation of perjured testimony (Soberon) and violations of various Rules of Criminal Procedure and witness immunity statutes (Bank of Nova Scotia) do not constitute prejudice in this context.

Defendants have not met the standard here. The Government's references to the crime-fraud exception were made before the superseding grand jury. But the original grand jury handed down the same charges; the superseding indictment only made some technical changes and added several factual allegations. Moreover, it does not appear that the Government actually explained the crime-fraud exception to the superseding grand jury – such that they were aware of its implications – and the Court is mindful of the fact that the grand jury investigation was lengthy, with volumes of evidence presented to the grand jury with no references to the crime-fraud exception. Under these circumstances, Defendants have not demonstrated that the superseding grand jury was substantially influenced by the Government's admitted error.

Defendants' second argument – that the improper prior disclosure of "the July 16 email" tainted the indictment, such that it must be dismissed – does not fare better.

(4) Defendants' Motion to Bar Use of Emails (ECF No. 153) is **DENIED**.[4]

---

First, Defendants contend that Counts Six and Seven must be dismissed because they rely entirely on the July 16 email. This argument is now irrelevant, because the Court is allowing the email to be admitted as evidence – but, at any rate, it is a challenge to the sufficiency of the Government's evidence, which is improper at this stage. See United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000) ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the Government's evidence. Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." (citations omitted)).

Next, Defendants argue that the Court should dismiss Counts Three through Seventeen because those counts were "tainted" by the use of the July 16 email and other allegedly privileged materials. But it is well-established that "the validity of an indictment is not affected by the character of the evidence considered." United States v. Calandra, 414 U.S. 338, 344-45 (1974). It is true that a grand jury may not itself violate the accused's rights, but it may "consider[] evidence obtained by others in an unlawful manner," as is alleged here. See United States v. Helstoski, 635 F.2d 200, 204 (3d Cir. 1980). Accordingly, it was not improper for the grand jury to return an indictment on the basis of allegedly privileged materials. Moreover, as discussed above and below, the Court is in fact admitting the July 16 email and Defendants have failed to show that other evidence was improperly admitted in the first place.

Finally, Defendants argue that Count One must also be dismissed because it contains a number of references to the July 16 email. Again, this argument is made moot by the Court's admission of the email, but it is also another improper challenge to the Government's evidence. If the Government were not permitted to use the email as evidence, perhaps it would not be able to prove Count One – but that would not mean that Count One is legally deficient, such that it could be challenged at this stage. See DeLaurentis, 230 F.3d at 660.

[4] Defendants now wish to assert privileges over documents that Judge Surrick first considered – with the knowledge of Defendants – more than a year before Defendants filed the instant motion. In fact, at the time of Judge Surrick's ruling, Defendants affirmatively stated that they were not asserting privileges over these documents. Under these circumstances, Defendants have waived

**AND IT IS SO ORDERED.**

                                             **/s/ Eduardo C. Robreno**
                                             **EDUARDO C. ROBRENO,    J.**

---

their ability to assert any privileges they might have in these documents. See United States v. Ary, 518 F.3d 775, 784 (10th Cir. 2008) ("Requiring assertions of privilege and work product to be made expeditiously serves the goals underlying the attorney-client privilege and work-product doctrine. . . . When a party delays in asserting protection, however, the adverse party is free to continue to use the material, thereby negating its confidential character." (citing In re Grand Jury (Impounded), 138 F.3d 978 (3d Cir. 1998))); Fed. R. Evid. 502(b) (requiring the holder of a privilege to take "reasonable steps to prevent disclosure" of a privileged document and to "promptly . . . rectify the error" of an inadvertent disclosure, lest the privilege be waived).

      Moreover, the Court will decline Defendants' invitation to assume that because Judge Surrick got it wrong with respect to the status of one document, he must have gotten it wrong with respect to the rest of the documents as well.