# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-130 |
| CHARLES M. HALLINAN<br>WHEELER K. NEFF | : | |

### GOVERNMENT'S PROPOSED AMENDED JURY INSTRUCTIONS FOR CRIMINAL FORFEITURE OF PROPERTY PURSUANT TO 18 U.S.C. § 1963

The United States of America, by its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Maria M. Carrillo, Assistant United States Attorneys for the district, respectfully submits the following proposed amended jury instructions[1] pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


 *s/Sarah L. Grieb*＿＿＿＿＿＿
SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery


 *s/Maria M. Carrillo*＿＿＿＿＿
MARIA M. CARRILLO
Assistant United States Attorney

Date: November 20, 2017

---

[1]    The government has noted deletions from the model instruction by ~~strikeout~~ and additions by <u>underlining</u>.

# TABLE OF CONTENTS

**Instructions**                                                          **Page Number**

GOV'T'S REQUEST NO. 1 ................................................................................................ 1
   Preliminary Instruction – Additional Proceeding ................................................... 1

GOV'T'S REQUEST NO. 2 ................................................................................................ 2
   Preliminary Instruction -- Nature and Purpose of Forfeiture Proceeding .................. 2

GOV'T'S REQUEST NO. 3 ................................................................................................ 3
   Definition of Forfeiture ............................................................................................. 3

GOV'T'S REQUEST NO. 4 ................................................................................................ 5
   Facts or Issues Not to be Considered ........................................................................ 5

GOV'T'S REQUEST NO. 5 ................................................................................................ 6
   Definition of Property and Interest ........................................................................... 6

GOV'T'S REQUEST NO. 6 ................................................................................................ 7
   Property to be Forfeited ............................................................................................ 7

GOV'T'S REQUEST NO. 7 .............................................................................................. 10
   Proving Forfeitability – Properties 1-21 (account funds and vehicles) ................... 10

GOV'T'S REQUEST NO. 8 .............................................................................................. 14
   Proving Forfeitability – Property 22 (property in Florida) ...................................... 14

GOV'T'S REQUEST NO. 9 .............................................................................................. 16
   Proving Forfeitability – Property 23 (property in Delaware) ................................... 16

GOV'T'S REQUEST NO. 10 ............................................................................................ 18
   Special Verdict Form ............................................................................................... 18

i

## GOV'T'S REQUEST NO. 1

**Preliminary Instruction – Additional Proceeding**

*When the Court instructs the jury at the end of trial with respect to its deliberations and the trial verdict, the government requests that the Court give this preliminary instruction.*

Depending on the verdict you reach, there may be a brief additional proceeding after you have returned your verdict.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (unmodified).

**GOV'T'S REQUEST NO. 2**

**Preliminary Instruction -- Nature and Purpose of Forfeiture Proceeding**

*If the jury has returned a guilty verdict as to Count One of the Superseding Indictment, at the outset of the forfeiture proceeding before the jury, the government requests that the Court give this preliminary instruction.*

You have found defendants CHARLES M. HALLINAN and WHEELER K. NEFF guilty of a RICO Conspiracy, in violation of 18 U.S.C. §1962(d), as charged in Count One of the Superseding indictment.   You will now need to consider a further question regarding property that the indictment alleges is subject to forfeiture to the United States by CHARLES M. HALLINAN and WHEELER K. NEFF based on their conviction on Count One.[2]   Forfeiture means that CHARLES M. HALLINAN and WHEELER K. NEFF would lose any ownership or interest they have or claim to have in the specified property, as a part of the penalty for engaging in criminal activity. After the parties have presented any additional evidence on this subject, I will instruct you further on the law with respect to forfeiture.   In considering whether the property is subject to forfeiture, you should consider the evidence you have already heard and any additional evidence presented by the parties. You should evaluate that evidence and its credibility as I explained to you earlier in my instructions.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified).

_____

[2]  The forfeiture of the specific property pertains only to the RICO conspiracy conviction in Count One. Because two RICO conspiracies were charged, the government has modified this instruction to make clear which RICO conspiracy is relevant for forfeiture.

## GOV'T'S REQUEST NO. 3

**Definition of Forfeiture**

*At the end of the forfeiture proceeding, the government requests that the Court give this instruction, and all the instructions which follow.*

You have found CHARLES M. HALLINAN and WHEELER K. NEFF guilty of a RICO conspiracy, in violation of 18 U.S.C. §1962(d), as charged in Count One of the Superseding Indictment.   You now need to consider a special verdict concerning property that the superseding indictment alleges is subject to forfeiture by CHARLES M. HALLINAN and WHEELER K. NEFF to the government.

Forfeiture in this case means that the CHARLES M. HALLINAN would lose any ~~ownership or~~ interest he has in ~~or claim to have in the specified property any~~ the RICO enterprise charged in Count One, as part of the penalty for engaging in criminal activity.

Forfeiture in this case also means that CHARLES M. HALLINAN and WHEELER K. NEFF would lose any interest they have in property affording a source of influence over ~~any~~ the RICO enterprise charged in Count One, as part of the penalty for engaging in criminal activity. I instruct you that you are bound by your previous finding that CHARLES M. HALLINAN and WHEELER K. NEFF are guilty of RICO conspiracy charged in Count One.[3]

Under federal law, any person convicted of RICO Conspiracy shall forfeit to the government any interest in any RICO enterprise that the person established, operated, controlled,

---

[3]     Again, because there are two RICO conspiracies charged in this case, it is necessary to specify which enterprise is relevant to forfeiture by referring to the RICO enterprise charged in Count One, and by changing the word "an" to "the."

3

conducted or participated in the conduct of, as part of the offense;

       <u>In addition</u>, under federal law, any person convicted of RICO conspiracy shall forfeit to the government any property affording a source of influence over any <u>RICO</u> enterprise that the person established, operated, controlled, conducted, or participated in the conduct of, as part of the offense.[4]

———————————

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified).

———————————

[4]    As explained in the government's forfeiture trial memorandum, 18 U.S.C. §1963 provides several options for forfeiture upon a conviction for RICO conspiracy under 18 U.S.C. § 1962. The government has elected two of the options, both under §1963(a)(2). First, when a defendant has established, operated, controlled, conducted or participated in the conduct of a RICO enterprise, the defendant's entire interest in the enterprise is forfeitable. 18 U.S.C. §1963(a)(2)(A); <u>See</u> <u>United States v. Sarbello</u>, 985 F.2d 76, 724 & n. 13 (3d Cir. 1993)(100% of the defendant's interest in the enterprise is forfeitable without regard to whether the interests were acquired legitimately); <u>see also</u> <u>United States v. Segal</u>, 495 F.3d 826, 838-39 (7th Cir. 2007)(same); <u>United States v. Angiulo</u>, 897 F.3d 1169, 1211 (1st Cir. 1990)(same); <u>United States v. Busher</u>, 817 F.2d 1409, 1413 (9th Cir. 1987)(same); <u>United States v. Anderson</u>, 782 F.2d 908, 918 (11th Cir. 1986) (same). Under this theory, the government seeks forfeiture of account funds and vehicles as assets of the enterprise in which Charles Hallinan's has an interest (essentially a 100% interest of the enterprise). Second, when a defendant has established, operated, controlled, conducted or participated in the conduct of a RICO enterprise, any property or interest of a defendant that is not directly part of an enterprise, but which allows the defendant to exert control or influence over the enterprise, is subject to forfeiture. 18 U.S.C. §1963(a)(2)(D). This section applies to instrumentalities used in the offense. <u>United States v. West</u>, 877 F.2d 281, 292 (4th Cir. 1989) (two houses used for storage and sale of drugs afforded the defendant a source of influence over enterprise); <u>United States v. Zielie</u>, 734 F.2d 1447, 1458-59 (11th Cir. 1984) (property used for string marijuana and counting money was forfeitable as property affording the defendant a source of influence over enterprise). It also applies to any property which "furthers the affairs of the enterprise." <u>Angiulo</u>, 897 F.3d at 1214 (forfeiting a café where defendants met to resolve business issues related to the RICO enterprise as property affording an influence over the enterprise because it "furthered the affairs of the enterprise.")  Under this theory, the government seeks forfeiture of real property as providing a source of influence and control over the enterprise to Charles Hallinan and Wheeler Neff.

## GOV'T'S REQUEST NO. 4

**Facts or Issues Not to be Considered**

In deciding whether property is subject to forfeiture, you should not concern yourself with or consider whether any other person may own or have an interest in the property. I will resolve any such claims.   Similarly, you are not to consider whether the property is presently available.   Your only concern is whether the government has proven the required connection between the property and the offense for which you have found the defendants guilty.[5]

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (unmodified).

_____

[5]    See Federal Rule of Criminal Procedure 32.2(b)(5)(B) and Advisory Committee Notes (2000); see also, United States v. Segal, 495 F.3d 826, 838-39 (7th Cir. 2007) (defendant's entire interest in the enterprise is forfeitable under 1963(a)(2); jury should never have been asked what portion of defendant's interest was tainted, and its finding that only 60 percent was tainted was properly ignored by the court); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"; therefore, jury's return of special verdict of forfeiture says nothing about the ownership of the property); United States v. Wittig, 2006 WL 13158, *3 (D. Kan. 2006) (court instructs jury that it is not to concern itself with anyone's ownership interest in the property, as the jury's responsibility is solely to determine whether the Government has adequately proven the nexus between the offenses and the property); United States v. Brown, 2007 WL 470445, *5 (M.D. Fla. 2007) (setting out text of instruction telling the jury not to concern itself with the interest of any third party in the property; because the jury is unaware of the ancillary proceeding, it may be hesitant to forfeit property held in a third party's name without such an instruction).

5

## GOV'T'S REQUEST NO. 5

**Definition of Property and Interest**

The word "property" includes real property, including things growing on, affixed to, and found in land, as well as tangible and intangible personal property, including rights, privileges, interests, claims, and securities.[6]

The word "interest" is a general term which denotes a right, claim, title, or legal share in something.[7]

_____

18 U.S.C. § 1963(b).

---

[6]   18 U.S.C. § 1963(b).This instruction supplements the model instruction with statutory language defining property, as well the Supreme Court's definition of interest. . The government seeks forfeiture of three types of property: account funds, vehicles, and real estate, all of which under the statute and case law constitute property. This instruction will make clear that all the property identified for forfeiture, is indeed property for purposes of RICO forfeiture.

[7]   Russello v. United States, 464 U.S. 16, 21 (1983)(the broad term "interest" reflects Congress's intent to not be limited by other technical definitions and reflects RICO's concept of breadth).

## GOV'T'S REQUEST NO. 6

**Property to be Forfeited**

   The Superseding Indictment alleges that the following property should be forfeited because of the connection between these properties and CHARLES M. HALLINAN's commission of the RICO conspiracy <u>charged in Count One</u>:

(1) All funds in account number 009419321146 in the name of Hallinan Capital Corp., at Bank of America;

(2) All funds in account number 6236347844 in the name of Hallinan Capital Corp., at Citizens Bank;

(3) All funds in account number 9943232101 in the name of Hallinan Capital Corp., at Vanguard;

(4) All funds in account number 6236347690 in the name of Apex 1 Lead Generators, at Citizens Bank;

(5) All funds in account number 6236347771 in the name of Blue Water Funding Group, LLC, at Citizens Bank;

(6) All funds in account number 6236347879 in the name of Mill Realty Management, LLC, at Citizens Bank;

(7) All funds in account number 88044257268 in the name of Apex 1 Processing, at Vanguard;

(8) All funds in account number 271501789868 in the name of Apex 1 Processing, Inc., d/b/a Cash Advance Network, at Power Pay, EVO Payments International;

(9) All funds in account number 271501796475 in the name of Apex 1 Processing, Inc., d/b/a Instant Cash USA, at Power Pay, EVO Payments International;

(10) All funds in account number 271501796327 in the name of Apex 1 Processing, Inc., d/b/a Paycheck Today, at Power Pay, EVO Payments International;

(11)    All funds in account number 271501796590 in the name of Fifth Avenue Financial, Inc., d/b/a My Next Paycheck, at Power Pay, EVO Payments International;

(12)    All funds in account number 271501796665 in the name of Palmetto Financial, Inc., d/b/a My Payday Advance, at Power Pay, EVO Payments International;

(13)    All funds in account number 271501796707 in the name of Sabal Financial, Inc., d/b/a Your Fast Payday, at Power Pay, EVO Payments International;

(14)    Funds in the amount of $92,587.23 in account number 623021206, in the name of Charles Hallinan, at Morgan Stanley;

(15)    Funds in the amount of $58,461.62 in account number 009466692476, in the name of Charles Hallinan, at Bank of America;

(16)    Funds in the amount of $20,665.75 in account number 009001408711, in the name of Charles Hallinan, at Bank of America;

(17)    Funds in the amount of $100,930.00 in account number 7101622806, in the name of Charles M. Hallinan, at Bank of Leumi;

(18)    Funds in the amount of $211,648.93 in account number 4300263160, in the name of Charles Hallinan, at TD Bank;

(19)    One (1) 2014 Bentley Flying Spur bearing Vehicle Identification Number SCBEC9ZA7EC092360;

(20)    One (1) 2015 Mercedes Benz S550 bearing Vehicle Identification Number WDDUG8FB5FA123337;

(21)    One (1) 2015 Mercedes Benz S550V4, bearing Vehicle Identification Number WDDUG8FB3FA123322; and

(22)    Real property located at 400 S.E. 5th Avenue, Apt. 304N, Boca Raton, Florida, with all improvements, appurtenances, and attachments thereon.[8]

---

[8]    All of these properties were specifically listed in the Notice of Forfeiture No. 1 in the superseding indictment, except for property number 21, the 2015 Mercedes with Vin # WDDUG8FB3FA123322, which is addressed generally by the Notice of Forfeiture No. 1, and

The Superseding Indictment also alleges that the following property should be forfeited because of the connection between this property and WHEELER K. NEFF's commission of the RICO conspiracy <u>charged in Count One</u>:

    (23)    Real property located at 118 School Road, Wilmington, Delaware, with all improvements, appurtenances, and attachments thereon.[9]

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified).

_____

was later identified in a bill of particular. In addition, property number 8 was listed in the Notice of Forfeiture No. 1 with an account number with one incorrect digit. This mistake was corrected with a bill of particular.

[9]    This property is specifically listed in the Notice of Forfeiture No. 1 in the superseding indictment.

## GOV'T'S REQUEST NO. 7

**Proving Forfeitability – Properties 1-21 (account funds and vehicles)**

The government seeks forfeiture of CHARLES M. HALLINAN's interest in the the account funds and vehicles as property of a RICO enterprise, in which CHARLES M. HALLINAN's has an interest.

~~This property,~~ CHARLES M. HALLINAN's interest in each one of the properties is subject to forfeiture if you find that the government has proved beyond a reasonable doubt that CHARLES M. HALLINAN operated, controlled, conducted, or participated in the conduct of the RICO enterprise as part of the offense for which you have found him guilty in Count One and that each one of these properties is an asset of the RICO enterprise.[10]

The enterprise charged in Count One consisted of a number of companies known as the Hallinan Payday Loan Companies.  If you find beyond a reasonable doubt that a given property was the property of one of the Hallinan Payday Loan Companies, then you should find that that property was an "asset" of the enterprise.   A defendant's interest in a RICO enterprise is subject to forfeiture in its entirety without regard to whether a particular asset of the enterprise was or was not involved in the commission of the RICO offense.[11]

---

[10]     See footnote 4, supra.

[11]     United States v. Sarbello, 985 F.2d 716, 724 & n.13 (3d Cir. 1993) (100 percent of a defendant's interest in the enterprise is subject to forfeiture under section 1963(a)(2)(A), even if those "interests are acquired legitimately and the enterprise is primarily engaged in legitimate activity"); United States v. Segal, 495 F.3d 826, 838-39 (7th Cir. 2007) (defendant's entire interest in the enterprise is forfeitable under § 1963(a)(2); jury should never have been asked what portion of defendant's interest was tainted, and its finding that only 60% was tainted was properly ignored by the court); United States v. Anderson, 782 F.2d 908, 918 (11th Cir. 1986) ("a defendant's conviction under the RICO statute subjects all his interests in the enterprise to forfeiture 'regardless of whether those assets were themselves "tainted" by use in connection with the racketeering activity'"), quoting United States v. Cauble, 706 F.2d 1322, 1359 (5th Cir. 1983); United States v. Busher, 817 F.2d 1409, 1413 (9th Cir. 1987) ("forfeiture is not limited to

You also should not be concerned with whether a given property became an asset of the enterprise before, during, or after the time of the RICO conspiracy.   You are only required to determine whether a given property did become an asset of the enterprise.[12]

Property which is an asset of the RICO enterprise continues to be an asset of the enterprise even after it has been transferred.[13]   Therefore, you should not be concerned with whether an asset was transferred from the enterprise to one of the defendants or to a third party.   For purposes of this proceeding, it is only necessary for the Government to show that a given property *was an asset of the enterprise* before it was transferred to someone else.   Whether a third party may have acquired an interest in the property is a matter for the Court to determine, not the jury.[14]

---

those assets of a RICO enterprise that are tainted by use in connection with racketeering activity, but rather extends to the convicted person's entire interest in the enterprise"); United States v. Angiulo, 897 F.2d 1169, 1211 (1st Cir. 1990) ("any interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is not tainted by the racketeering activity").

[12]   United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Pacific Bank), 956 F. Supp. 5, 12 (D.D.C. 1997) (even untainted property received by the enterprise after the racketeering activity had ceased is subject to forfeiture under subsection (a)(2)(A) because "all of a RICO defendant's interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is untainted by racketeering activity"); United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Banque Indosuez), 961 F. Supp. 282, 286 (D.D.C. 1997) (claimant cannot assert fact that wire transfer was received by defendant after criminal activity ceased as ground for challenging order of forfeiture).

[13]   Angiulo, 897 F.2d at 1210 ("the government's interest in forfeitable property under section (a)(2) vests at the time of the unlawful conduct and cannot be defeated by the defendants' subsequent transfer of the property."); United States v. Ginsburg, 773 F.2d 798, 801 (7th Cir.1985); United States v. Navarro–Ordas, 770 F.2d 959, 969–70 (11th Cir.1985); See also, 18 U.S.C. §1963(c) providing that "all right, title, and interest in property described in subsection (a) vests in the United States upon commission of the act giving rise to forfeiture under this section. . . . ."

[14]   18 U.S.C. § 1963(c) (under the relation-back doctrine, property subject to forfeiture under any theory remains subject to forfeiture despite its transfer to a third party unless the third party establishes that he is a bona fide purchaser for value in terms of § 1963(l)(6)(B)).   See United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that

To determine if a property in the possession of one of the defendants or of a third party is traceable to an asset of the enterprise, you may apply certain accounting principles.[15] For example, if the balance in a bank account containing commingled funds, meaning funds from an asset of the enterprise and funds from another source, never fell below the value of the traced funds, you may find that the traced funds remained in the account at all times.   Alternatively,

---

questions of ownership "were not before them"; therefore, jury's return of special verdict of forfeiture says nothing about the ownership of the property); United States v. Wittig, 2006 WL 13158, *3 (D. Kan. 2006) (court instructs jury that it is not to concern itself with anyone's ownership interest in the property, "as the jury's responsibility is solely to determine whether the Government has adequately proven the nexus between the offenses and the property"); United States v. Armstrong, 2007 WL 809508, *4 (E.D. La. Mar. 14, 2007) (following Wittig; jury was instructed not to concern itself with anyone's ownership interest in the property); United States v. Brown, 2007 WL 470445, *5 (M.D. Fla. 2007) (setting out text of instruction telling the jury not to concern itself with the interest of any third party in the property; because the jury is unaware of the ancillary proceeding, it may be hesitant to forfeit property held in a third party's name without such an instruction).

[15]     United States v. Stewart, 185 F.3d 112, 130 (3d Cir. 1999) (if $3 million in laundered funds is traced to an account and stays there, that amount is directly forfeitable even though the account contains clean funds); United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 (2d Cir. 1986) (to establish that tainted funds remain in a bank account, notwithstanding a fluctuating balance, the Government may use a "last out" rule); United States v. Prevezon Holdings, Ltd., 2015 WL 4719786, *7-9 (S.D.N.Y. Aug. 7, 2015) (assuming the Government has to trace the defendant property, it did so by relying on the accounting principles in Banco Cafetero); United States v. One Parcel of Real Property...170 Westfield Dr., 34 F. Supp. 2d 107, 116-17 (D.R.I. 1999) (under Banco Cafetero, money in a commingled account is traceable if the balance never fell below the amount deposited ["last out" rule]; assets purchased with commingled funds are traceable up to the amount deposited ["first out" rule]); United States v. Capoccia, 2009 WL 2601426, *11 (D. Vt. Aug. 19, 2009) (explaining "lowest intermediate balance rule" and how it allows Government to trace proceeds through commingled accounts); United States v. Haleamau, 2012 WL 3394952 (D. Hawaii Aug. 1, 2012) (same); United States v. Lindell, 2016 WL 4707976, *5 (D. Haw. Sept. 8, 2016) (noting that the use of the LIBR is favored in light of Luis v. United States; following Haleamau).   Cf. Luis v. United States, 578 U.S. ___, 136 S. Ct. 1083, 1095 (Mar. 30, 2016) (approving the use of accounting principles to trace directly-forfeitable assets in a criminal forfeiture case in the context of pre-trial restraining orders).   But see United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996) (Government could not satisfy its tracing burden where criminal proceeds were commingled with legitimate funds in a bank account and the allegedly traceable property was not purchased until there had been "numerous intervening deposits and withdrawals;" its remedy is to obtain a money judgment and forfeit substitute assets).

you may find that if the traced funds were in a bank account at the time a particular purchase was made, the purchase was made with the traced funds.[16]

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified); 18 U.S.C. §1963(a)(2).

_____

[16]    United States v. One Parcel of Real Property...170 Westfield Dr., 34 F. Supp. 2d 107, 116-17 (D.R.I. 1999) (holding that the Government may elect which accounting rule to apply depending on the circumstances).

## GOV'T'S REQUEST NO. 8

**Proving Forfeitability – Property 22 (property in Florida)**

The government seeks forfeiture of CHARLES M. HALLINAN's interest in the real property located at 5th Avenue in Boca Raton, Florida, as property affording a source of influence over the RICO enterprise charged in Count One.

~~This property~~ CHARLES M. HALLINAN's interest in the real property located at 5th Avenue in Boca Raton, Florida, is subject to forfeiture if you find that the government has proved beyond a reasonable doubt that the property afforded a source of influence over the RICO enterprise that CHARLES M. HALLINAN operated, controlled, conducted, or participated in the conduct of, as part of the offense for which you have found him guilty in Count One.

Property affords a source of influence over a RICO enterprise when it furthers the affairs of the enterprise, when the defendant uses the property to conduct the affairs of the enterprise or when the defendant uses the property *to facilitate* his conduct of the affairs of the enterprise.[17]

Facilitation occurs when the use of the property makes the operation of the RICO

---

[17]     Angiulo, 897 F.2d 1169, 1211, 1214-1215 (1st Cir.1990) (defendant's interest in a café was subject to forfeiture where defendant held meetings at café to discuss racketeering activities; seized cash could be forfeited as affording a source of influence); United States v. West, 877 F.2d 281, 292 (4th Cir. 1989) (real property where defendant stored and sold drugs and vehicle used as collateral to secure debts incurred in purchasing drugs forfeited as property affording a source of influence); United States v. Bangiyev, 141 F. Supp.3d 589 (E.D. Va. 2015) (real property and business used to facilitate the RICO conspiracy, and all of the business's assets, subject to forfeiture under § 1963(a)(2) as property affording a source of influence over the enterprise); United States v. Rudaj, 2006 WL 1876664, *3-4 (S.D.N.Y. July 5, 2006) (real property where defendants met to conduct the racketeering activity is forfeitable under § 1963(a)(2)(D) as property affording a source of influence over the RICO enterprise).

14

enterprise "less difficult or more or less  free from obstruction or  hindrance."[18]   Property affording a defendant a source of influence therefore could include real property, a vehicle, a business, or simply a sum of money that the defendant used to conduct the enterprise, or that made his conduct of the enterprise less difficult.[19]

Accordingly, with respect to the asset that I have just mentioned, if you find beyond a reasonable doubt that the defendant used that asset to conduct the RICO enterprise charged in Count One, or that the asset facilitated his conduct of the enterprise, you should find that it afforded the defendant a "source of influence" over the enterprise.

———————————————

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified); 18 U.S.C. §1963(a)(2).

---

[18]      United States v. Huber, 404 F.3d 1047, 1060 (8th Cir. 2005) (facilitating property is anything that "makes the prohibited conduct less difficult or more or less free from hindrance"); United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003) ("[f]acilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance"); United States v. Rivera, 884 F.2d 544, 546 (11th Cir. 1989) (defining facilitating property broadly); United States v. Seher, 574 F. Supp.2d 1368, 1370 (N.D. Ga. 2008) (following Puche; "To facilitate the offense, the property need only make the prohibited conduct less difficult or more or less free from obstruction or hindrance. Thus, there is no requirement that the property's role in the crime be integral, essential, or indispensable."); United States v. Schlesinger, 396 F. Supp. 2d 267, 271 (E.D.N.Y. 2005) ("facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance") (quoting United States v. Wyly, 193 F.3d 289, 302 (5th Cir. 1999)).

[19]      See footnote 17, supra.

## GOV'T'S REQUEST NO. 9

**Proving Forfeitability – Property 23 (property in Delaware)**

The government seeks forfeiture of WHEELER K. NEFF's interest in the real property located at School Lane in Wilmington, Delaware, as property affording a source of influence over the RICO enterprise charged in Count One.

~~This property~~ WHEELER K. NEFF'S interest in the real property located at School Lane in Wilmington, Delaware, is subject to forfeiture if you find that the government has proved beyond a reasonable doubt that the property afforded a source of influence over the RICO enterprise that WHEELER K. NEFF operated, controlled, conducted, or participated in the conduct of, as part of the offense for which you have found him guilty in Count One.

Property affords a source of influence over a RICO enterprise when it furthers the affairs of the enterprise, when the defendant uses the property to conduct the affairs of the enterprise or when the defendant uses the property *to facilitate* his conduct of the affairs of the enterprise.[20]

Facilitation occurs when the use of the property makes the operation of the RICO enterprise "less difficult or more or less  free from obstruction or  hindrance."[21]   Property affording a defendant a source of influence therefore could include real property, a vehicle, a business, or simply a sum of money that the defendant used to conduct the enterprise, or that made his conduct of the enterprise less difficult.[22]

Accordingly, with respect to the asset that I have just mentioned, if you find

---

[20]     See footnote 17, supra.

[21]     See footnote 18, supra.

[22]     See footnote 17, supra.

16

beyond a reasonable doubt that the defendant used that asset to conduct the RICO enterprise charged in Count One, or that the asset facilitated his conduct of the enterprise, you should find that it afforded the defendant a "source of influence" over the enterprise.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified); 18 U.S.C. §1963(a)(2).

## **GOV'T'S REQUEST NO. 10**

**Special Verdict Form**

A special Verdict Form has been prepared for your use. With respect to each item of property, you are asked to decide whether it is subject to forfeiture to the government, based on the reasons I have explained to you. Your decision must be unanimous. Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1963 (2013) (modified).

18

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Government's Proposed Amended Jury Instructions

for Criminal Forfeiture was filed and was served by ECF filing, and hand-delivery, on:

Edward Jacobs, Esquire
Counsel for Charles Hallinan

Dennis Cogan, Esquire
Counsel for Wheeler Neff

Christopher Warren, Esquire
Counsel for Wheeler Neff

*/s/ Maria M. Carrillo*
MARIA M. CARRILLO
Assistant United States Attorney

Date:   November 20, 2017