IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-130-01 |
| CHARLES M. HALLINAN | : | |

### GOVERNMENT'S OBJECTIONS TO ANTICIPATED OPINION TESTIMONY OF DEFENSE WITNESS GREGORY COWHEY

The United States of America, through its attorneys, Louis D. Lappen, United States Attorney, and Maria M. Carrillo, Mark B. Dubnoff and James A. Petkun, Assistant United States Attorneys, objects to the anticipated opinion testimony of defense witness Gregory Cowhey on the grounds that it is irrelevant and includes inadmissible opinions on the law. Additionally, as argued elsewhere, to the extent Cowhey would rely on financial information provided by defendant Charles M. Hallinan, such testimony should be precluded because of Hallinan's refusal to provide this Court with his complete financial information.

    A.    **Cowhey's Opinions Are Not Relevant**

In his Order of Proof, Hallinan identified Cowhey as one of five witnesses he intended to call at the upcoming hearing on the government's forfeiture motion. Docket Document Entry ("DDE") 383 at 1.[1] Hallinan stated that Cowhey's anticipated testimony was summarized in an attached report and that Cowhey might also testify as outlined in previously-filed expert disclosures. *Id.* Hallinan also stated that Cowhey would be presented as both a fact and expert witness. *Id.* at 3. Cowhey's proffered opinions, however, are largely irrelevant to any issue in dispute. As the Court knows from prior briefing – *See e.g.*, DDE 326, 328, 342, 356 –

---

[1] The others are Brent Kopenhaver, Hallinan's former CFO; Rod Ermel, Hallinan's tax preparer; George McGary, Hallinan's Probation Officer; and Rhea Greenspan, Halilnan's wife. DDE 383 at 1.

the government's motion for an approximately $493 million money judgment is based on 18 U.S.C. § 1963(a)(3), which states that a convicted RICO defendant "shall forfeit" all proceeds obtained from "unlawful debt collection."  RICO defines "unlawful debt" to include debt that is "unenforceable" because of state usury laws. 18 U.S.C. § 1961(6).  Thus, the only question relevant to the government's motion is: How much money did the Hallinan Payday Lending Organization ("HPLO") collect in debt that was unenforceable because of state usury laws?

Cowhey's anticipated testimony would shed no light on that issue.  Nor could it.  Cowhey is an accountant, not a lawyer, and he is not competent to testify about the enforceability of contracts or state usury laws.  Cowhey's report indicates that he would testify instead about the HPLO's profits from its collection of unlawful debt.  *See, e.g.*, Report at 1 (opining that Exhibit 500E "fails to provide a complete and accurate understanding of the financial results of operations" for various HPLO entities).  The HPLO's profits, however, are irrelevant.  Either a debt is enforceable, or it is not.  If the debt is unenforceable because of usury laws, there is a RICO violation, and the lender must forfeit whatever debt he collected, not just the profitable portion of that unlawful debt.

### B. Cowhey Cannot Opine on the Statutory Definition of "Proceeds"

Additionally, to the extent Cowhey would render opinions as to what constitutes the "proceeds" of Hallinan's crimes,[2] such opinions would constitute improper testimony about

---

[2] Cowhey's report is filled with these inadmissible opinions. *See, e.g.*, Report at 4 (stating that the "proceeds" of operations for the HPLO was approximately $66 million, not $490 million); *id.* (stating that the government's suggestion that the proceeds exceeded $495 million greatly mischaracterizes the nature of the operations and presents an incorrect depiction of the facts"); *id.* at 5 ("considering the totality of the circumstances, the proceeds of the [HPLO] is [sic] best stated at approximately $68,600,000 and NOT approximately $490,000,000); *id.* ("we conclude to a reasonable degree of accounting, finance and economic certainty, that $490,000,000 does not represent the proceeds of the [HPLO] and that the Government's position on this issue is not grounded in economic reality.").

the governing law.  *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (citing *United States v. Leo*, 941 F.3d 181, 195-96 (3d Cir. 1991).  As this Court noted in its March 29, 2018 memorandum concerning Hallinan's co-defendant Wheeler K. Neff, the question of what constitutes "proceeds" under 18 U.S.C. § 1963(a)(3) is a matter of statutory interpretation that the Third Circuit has yet to address.  DDE 386 at p.10, ¶ 7.  Thus, although Hallinan's lawyers may make arguments about the definition of "proceeds," they may not present "expert" opinion testimony on this question of statutory interpretation.  Similarly inadmissible would be Cowhey opinion that "the documents upon which the Government is relying in this matter do NOT support the Government's forfeiture request of $490 million."  Report at p.9.  Hallinan's attorneys can make (and have made) that argument directly, but they cannot do so through an accountant.

    **C.**  **Hallinan Cannot Present Only a Partial Picture of his Finances**

    Per the Court's Order of March 20, 2018, Hallinan had until 5 p.m. on April 4, 2018 to provide the Probation Department with completed financial forms, except to the extent that he asserts a privilege under the Fifth Amendment or some other privilege.  DDE 379.  The government has been informed by Hallinan's probation officer that Hallinan provided some new information about his finances by that deadline, while asserting a Fifth Amendment privilege in other financial information.  The government will address this matter at the hearing currently scheduled for 9 a.m. on April 6, 2018, but if Hallinan is still refusing to provide this Court with complete information about his finances, he cannot present a partial picture of those finances through any witness, expert or otherwise.  *See United States v. Rylander*, 460 U.S. 752, 758 (1983) (the Fifth Amendment cannot be converted from a "shield" against compelled self-incrimination into a "sword" that frees him from a burden of production).

**D.**   **Cowhey's Prior Reports**

To the extent Cowhey would testify "as outlined in disclosures previously filed on October 17, 2016 and September 18, 2017," Report at 3, the government reiterates its prior objections to those prior expert disclosures.

**E.**   **Conclusion**

For all the foregoing reasons, the government would object to any effort by the defense to elicit opinion testimony from Cowhey.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney


/s/ Mark B. Dubnoff
MARK B. DUBNOFF
JAMES A. PETKUN
MARIA M. CARRILLO
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served by ECF, the Court's electronic case filing system, upon:


Edwin J. Jacobs, Jr, Esq.
Jacobs and Barbone
1125 Pacific Avenue
Atlantic City, NJ 08401

Michael Rosensaft
Katten Muchin Rosenmann LLP
585 Madison Avenue
New York, NY 10022

Andrew K. Stutzman
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018


/s/ Mark B. Dubnoff
MARK B. DUBNOFF
Assistant United States Attorney


Date:   April 4, 2018