```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL ACTION
                              :    NO. 16-130-01
          v.                  :
                              :
CHARLES M. HALLINAN           :
```

**O R D E R**

**AND NOW**, this **24th** day of **April, 2018,** upon consideration of the Government's motion to preclude disclosure of work-product (ECF No. 401) and Defendant Charles M. Hallinan's response thereto (ECF No. 406), it is hereby **ORDERED** that the motion is **GRANTED.**[1]

---

[1] During the forfeiture hearing held on April 6, 2018, Government witness Joseph Piccione testified that he traced funds leaving four bank accounts owned by Hallinan Capital Corporation ("HCC") in order to establish that funds held in other, unrelated bank accounts were property of the RICO enterprise charged in Count 1 of the superseding indictment ("the Hallinan Payday Lending Enterprise," or "the HPDLE"). The starting point for Piccione's analysis, as stated in paragraph 9 of the affidavit he submitted in support of his testimony, was that those four HCC bank accounts ("the HCC Accounts") are "enterprise accounts," *i.e.*, they are property owned by the HPDLE. Gov't Ex. 2500 ¶ 9.

It was unclear from Piccione's testimony whether the statement in paragraph 9 that the HCC Accounts are "enterprise accounts" is a conclusion Piccione reached through his own analysis, or an assumption the Government provided to Piccione. Piccione testified that, in addition to analyzing funds leaving the HCC Accounts, he also analyzed funds entering those accounts. That testimony could suggest that Piccione reached the conclusion that the HCC Accounts were enterprise property based upon the nature of the funds deposited in the HCC Accounts. If that were the case – that is, if Piccione's own analysis led him to conclude that the HCC Accounts are enterprise property – Piccione's analysis would be relevant to the Court's determination of whether the HCC Accounts are, in fact, enterprise property. Accordingly, the Court ordered the Government to produce Piccione's analysis.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

However, the Government has now clarified that (1) it asked Piccione to assume that the HCC Accounts are HPDLE property, see Gov't Mot. at 2 (explaining that "government prosecutors spoke to Mr. Piccione who explained that the list of enterprise entities upon which he relied was the enterprise entities identified in the superseding indictment, and before that, the indictment, the restraining order, the affidavit, and perhaps a draft"); and (2) the Government's contention that the HCC Accounts are HPDLE property is not based on Piccione's testimony or analysis, see id. at 4 ("The government has not offered into evidence, or does it rely on, any analyses of the inflow to the HCC Accounts for forfeiture of the specific properties or as a basis for the money judgment.").

Based upon the Government's confirmation that it is relying solely on trial testimony and exhibits in support of its assertion that the HCC Accounts are property of the HPDLE, Piccione's analysis regarding deposits made into the HCC Accounts is not relevant. Accordingly, the Court will grant the Government's motion to preclude disclosure of Piccione's analysis.