# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Eduardo C. Robreno |
| v. | |
| CHARLES M. HALLINAN | 2:16-cr-00130-ER |

# MOTION FOR THE RETURN OF PROPERTY AND TO SUPPRESS THE ITEMS SEIZED BY THE GOVERNMENT ON MARCH 28, 2018

Charles M. Hallinan, through his attorneys, respectfully submits this motion for the return of property and to suppress the results of the government's search of Mr. Hallinan's business on March 28, 2018.  As Your Honor is aware, the government executed a search warrant on March 28, 2018 at Mr. Hallinan's office, in the middle of the forfeiture hearing and without any notice to Defendant or the Court.  We are moving for: (1) the return of all property seized during the search warrant; (2) the suppression of any evidence obtained from the search warrant; and (3) the immediate return of privileged materials.  We respectfully request that Your Honor set a short briefing schedule for the parties to fully brief this motion.  Below is a summary of the issues that would be addressed in that briefing.

First, the search warrant is defective because the government executed it to frustrate and circumvent Mr. Hallinan's Fifth Amendment right to remain silent.  Indeed, the government described Mr. Hallinan's Fifth Amendment assertion in the search warrant affidavit, apparently believing it contributed to a finding of probable cause.  This wasn't the first time the government tried to infringe upon Mr. Hallinan's Fifth Amendment rights.  Mr. Hallinan invoked his right to remain silent when faced with questions by probation about his finances.  This led the government to try to force Mr. Hallinan to "cooperate" in clear violation of that right.  When counsel enumerated all of the basis upon which Mr. Hallinan had reason to fear future prosecution (including the forfeiture itself and  the upcoming

sentencing), the government duplicitously argued before Your Honor that Mr. Hallinan had nothing to fear while holding a search warrant in its back pocket alleging additional criminal actions. In short, the government circumvented Mr. Hallinan's Fifth Amendment rights by distorting its Fourth Amendment powers, essentially forcing him to choose which right to keep.

Second, the government's use of a search warrant as a discovery device in the forfeiture proceeding is wholly improper. Federal Rule of Criminal Procedure 41 lists the narrow purposes for which a search warrant may be issued. The government told the Magistrate Judge that it was seeking: (1) evidence of a crime; (2) contraband; and (3) property designed to commit a crime. However, Mr. Hallinan has already been convicted of the crime for which the government purportedly is seeking evidence, and there was nothing in the search warrant affidavit to suggest that there was contraband or property used to commit a crime in his office. The government has also suggested the search was done to assist in an ancillary forfeiture proceeding that would execute on a money judgment, but no money judgment has as of yet even been ordered. Moreover, discovery in ancillary forfeiture proceedings is governed by Rule 32.2, which does not provide for the issuance of search warrants and refers to the civil rules of discovery.

Third, the search warrant affidavit does not set forth sufficient facts for a finding of probable cause. It presents the history of the case leading to Mr. Hallinan's conviction, describes his Fifth Amendment assertions to remain silent, and then includes a three-paragraph "probable cause" section that merely sets forth the agent's general experience as to what criminals do with no specificity as to Mr. Hallinan.

Finally, the government has seized what seem to be privileged materials in its search and it refuses to allow counsel access to the materials so as to assert any relevant privileges. It has stated it is going to use a "taint team" where FBI agents and a prosecutor from the Eastern District of Pennsylvania will review the materials (itself a violation of attorney-client privilege) and then make unilateral decisions as to whether the materials are privileged or not. The government has even refused to provide the name of the prosecutor on the "taint team." Mr. Dubnoff stated that there would then be some sort of judicial review, but that Mr. Hallinan may or may not be notified based on whether the "taint team" thinks Mr. Hallinan may have any relevant privilege arguments. This procedure is a violation of Mr. Hallinan's due process rights. The materials should be returned so that counsel can make privilege determinations. They were seized from Mr. Hallinan's

3

office, apparently marked in a way that led the agents to believe they were attorney materials, and the government has no business possessing them. If the government wishes to challenge any privilege determinations, there are established procedures for doing so.

## CONCLUSION

In sum, the government has contorted its powers under Rule 41, has misused the forfeiture rules to conduct unauthorized discovery, and has seized what appear to be privileged material without any ability for Mr. Hallinan to review the privilege items they seized - all to punish and try to circumvent Mr. Hallinan's Fifth Amendment right to remain silent. For all of the reasons set forth above, and as will be presented more fully in briefing if Your Honor allows, Mr. Hallinan respectfully requests that Your Honor set a short briefing schedule to elaborate on these issues with supporting authorities. In the interim, Defendant respectfully requests that the government be ordered to cease the review of any privileged material pending the resolution of any motion.

4

Dated: April 24, 2018

**KATTEN MUCHIN ROSENMAN LLP**
By: s/ Michael M. Rosensaft
Michael M. Rosensaft
575 Madison Avenue
New York, New York 10022-2585
(212) 940-8800 (phone)
(212) 940-8776 (fax)

- and -

**JACOBS & BARBONE, P.A.**

Edwin J. Jacobs, Jr.
Jacobs & Barbone, P.A.
1125 Pacific Avenue
Atlantic City, NJ 08401
(609) 348-1125 (phone)
(609) 348-3774 (fax)

**STRADLEY RONON STEVENS & YOUNG LLP**

Andrew K. Stutzman
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000 (phone)
(215) 564-8120 (fax)

*Attorneys for Appellant Charles M. Hallinan*

5