IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 16-130-01 |
| v. | : | |
| | : | |
| CHARLES M. HALLINAN | : | |

## O R D E R

**AND NOW**, this **1st** day of **May, 2018**, upon consideration of Defendant Charles M. Hallinan's Motion for the Return of Property (ECF No. 422) and the parties' letter briefs (ECF Nos. 437, 438), and following a hearing held on April 27, 2018, with the Government and counsel for Defendant Charles M. Hallinan, it appearing that the Government has come into possession of documents that may contain attorney-client communications or attorney work product as to which Hallinan is entitled to assert a privilege, it is hereby **ORDERED** that Hallinan's Motion for the Return of Property (ECF No. 422) is **GRANTED in part**[1] as follows:

1.  The Government shall provide to Hallinan's counsel a copy of those documents seized pursuant to the search warrant issued in <u>United States v. 2200 Renaissance Boulevard Suite 185 King of Prussia, Pennsylvania</u>, No. 18-mj-485, ECF No. 1, that were identified on the Federal Bureau of Investigation's Receipt for Property as "*Potential attorney client privilege*

---

[1] The Court will take under advisement for further review the issues raised in Hallinan's motion for the return of property that are not addressed in this order.

records re: $688 M issue . . . , bank accts" [hereinafter the Privilege Review Documents] by **May 2, 2018**.[2]

    2. Hallinan's counsel shall review the Privilege Review Documents and notify the Government and the Court via letter by **May 9, 2018,** whether Hallinan asserts the attorney-client privilege or any other privilege with respect to any of the Privilege Review Documents.  As to each document for which Hallinan asserts a privilege, Hallinan shall identify (a) the particular privilege asserted and (b) the basis for the assertion of the privilege.

    3. Upon receipt of Hallinan's letter notifying the Government of Hallinan's assertions of privilege, if any, the

---

[2] The Government argues that the Privilege Review Documents cannot be released to Hallinan because they may be protected by the attorney-client privilege of third parties, such as Hallinan's former employees, Chrissy Lacey and Brent Kopenhaver, or corporate entities that Hallinan claims he does not own, such as Apex 1 Processing, Inc. See Gov't Letter at 2, ECF No. 438.  However, as the Government acknowledges, the former employees no longer work for Hallinan, and they vacated his office over a year ago.  The Privilege Review Documents are hard copy documents, as opposed to documents saved on a computer disk or hard drive, and therefore were easily accessible to anyone present in the office after the employees' departures, including Hallinan.  As a result, the former employees have waived any privilege over those documents.  See Kaufman v. SunGard Invest. Sys., No. 05-1236, 2006 U.S. Dist. LEXIS 28149 (D.N.J. May 9, 2006) (employee waived privilege over documents stored on company network, because the company's ability to monitor and inspect the network at any time meant there was no expectation of privacy as to the documents); cf. Tse v. UBS Fin. Servs., No. 03-6234, 2005 U.S. Dist. LEXIS 12227 (S.D.N.Y. June 21, 2005) (former employee did not waive attorney-client privilege over letter saved on diskette, because the letter was stored out of sight on a disk that was marked with a personal label, and it was not printed out or stored in any other way that made it easily accessible).  Similarly, any third-party companies that left hard copies of privileged documents in Hallinan's office have waived any privilege over those documents.

Government may begin review of the Privilege Review Documents as follows:

      a.   Assistant United States Attorney Melanie Wilmoth, Esq., proposed by the Government as the appropriate person to conduct the review, shall be appointed as the filter Assistant United States Attorney ("the Filter AUSA") for purposes of the review.

      b.   Except as provided in this order, Ms. Wilmoth shall heretofore have no interaction with Mark B. Dubnoff, Esq., Maria M. Carillo, Esq., or James A. Petkun, Esq. (the "Prosecuting Attorneys") or any law enforcement agents assigned to this case regarding any matter involving or touching upon this case, nor shall Ms. Wilmoth share any information obtained as a result of her review with any member of the United States Attorney's Office for the Eastern District of Pennsylvania, except her immediate supervisor, without prior approval of the Court.  Ms. Wilmoth shall continue to serve as the Filter AUSA until released by the Court.

      c.   The Filter AUSA shall immediately release to the Prosecuting Attorneys any documents as to which Hallinan has not asserted any privilege.  The Prosecuting Attorneys may then review and use those documents.

      d.   If there are any Privilege Review Documents as to which Hallinan has asserted a privilege, the Filter AUSA

shall review those documents and determine whether the Government agrees with Hallinan's assertion of privilege by **May 18, 2018**. See In re Fattah, 802 F.3d 516, 530 (3d Cir. 2015) (affirming the district court's approval of the use of a Department of Justice filter team for a privilege review). Absent further order of the Court, the Filter AUSA shall not release to the Prosecuting Attorneys or any law enforcement agents assigned to this case any document as to which Hallinan asserts a privilege.

      e.  If the Government agrees with Hallinan's assertion of privilege regarding a particular document, the Filter AUSA shall return that document to Hallinan and shall not release it to the Prosecuting Attorneys.

      f.  If the Government disagrees with Hallinan's assertion of privilege regarding a particular document, Hallinan's counsel and the Filter AUSA shall confer and attempt to resolve the disagreement.

      g.  If the parties are unable to resolve their disagreement with respect to any of the Privilege Review Documents, the parties shall notify the Court. The Court will then establish a procedure for evaluating the Government's challenges to Hallinan's privilege assertions.[3]

---

[3] At that time, the Court may determine, after further consultation with the parties, whether it will review the documents in

4

4.   If the Government locates any additional documents that it believes may be privileged during the course of its review of documents seized from Hallinan's office, the Government shall not read those documents and shall immediately provide copies of those documents to Hallinan's counsel. Hallinan shall then inform the Government within seven days whether or not he asserts a privilege with respect to any of the documents, at which time the review outlined in paragraph 3 of this order shall begin.

**AND IT IS SO ORDERED.**

s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

camera, or appoint a Magistrate Judge or Special Master to review the documents.