**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

_____          _____

UNITED STATES OF AMERICA                 Honorable Eduardo C. Robreno

v.

CHARLES M. HALLINAN                      2:16-cr-00130-ER

_____          _____

**MOTION TO STAY ANY FURTHER REVIEW BY THE GOVERNMENT OF
MATERIALS SEIZED ON MARCH 28, 2018**

Defendant Charles M. Hallinan, through his attorneys, respectfully submits this motion for a stay of the government's review of all materials seized following the execution of the search warrant on Mr. Hallinan's business of March 28,2018.  As Your Honor is aware, the government executed a search warrant on March 28, 2018 at Mr. Hallinan's office, while in the midst of a forfeiture hearing involving nearly half a billion dollars.  Defense submits that the government's purpose in doing so was to frustrate and circumvent Mr. Hallinan's Fifth Amendment right to remain silent and gather information it would seek to use in the forfeiture hearing or sentencing – a clear contortion of the boundaries provided by Federal Rules of Criminal Procedure 32.2 and 41.[1]  On April 24, 2018 Mr. Hallinan filed a Motion for the Return of Property and To Suppress the Items Seized by the Government.  (Dkt. No. 422).

On April 26, 2018, Your Honor entered an Order which required the government to cease review of those documents obtained pursuant to the Search Warrant that government agents had preliminary identified as potentially privileged.  (Dkt. No. 434). On May 1, 2018 this Court entered an Order which required the government to provide defense counsel a copy of those documents seized and which were identified on the FBI's Receipt for Property as "Potentially attorney-client privileged."  (Dkt. No. 441). The defense now moves for an Order staying any further review by the government of all materials seized pursuant to the search warrant.

First, pending before this Court is the Defendant's Motion for the Return of Property and Suppression of Items Seized following the execution of the Search Warrant, challenging among other things the issuance of the search warrant in the first

---

[1]   The government has also stated that the purpose of the warrant was to gather information on assets should execution proceedings on an unsatisfied money judgment become necessary, none of which has occurred.

1

place. (Dkt. No. 422)[2]. It is the defendant's position that this motion should be resolved by the Court before the government is permitted to review *any* of the items seized. In other words, the primary issue which must be addressed by this Court is whether the government had the right to see the materials in the first place. Defendant has argued in his motion that the government contorted its powers under Rule 41 and misused the forfeiture rules to conduct unauthorized discovery, all in an attempt to circumvent and punish Mr. Hallinan for the lawful assertion of his Fifth Amendment right to remain silent. If the government is permitted to continue its review of even non-privileged material, it will continue to cause Mr. Hallinan irreparable harm, insofar as it would frustrate the purpose of the defendant's pending motion. If granted, the defendant would be entitled to the return of all of the materials seized and not just the potential attorney-client material. Therefore, the legality of the search warrant is the primary issue which must be addressed first and the government should be ordered to cease all review until this issue is resolved.

Second, on May 2, 2018 the government provided a copy of those documents it identified as potentially subject to the attorney-client privilege. Upon review, it became clear that these documents were not a "one-inch stack" of documents as represented by the government in court but, rather, nearly double that size. These documents were overwhelmingly privileged (as expected) and specifically concerned Mr. Hallinan's trial strategy in the criminal case. It included memoranda prepared by counsel to Mr. Hallinan, on counsel's letterhead, discussing witnesses and documents and other

---

[2] A formal briefing schedule for the motion for the return of property has not been set by the Court, although counsel suggested a ten-day schedule. Mr. Hallinan proposes that Defendant's brief be due May 18th, the Government response due by June 1st, and a reply by June 8th. This will allow sufficient time to brief the issues and allow counsel to review the remaining documents for privilege. It also has the benefit of being placed after the post-forfeiture briefing is fully submitted.

evidentiary and strategy issues.  Any cursory review by the "taint" AUSA should have immediately resulted in a determination that they are privileged and should be returned, instead of the obtuse excuses and obfuscations that the government proffered.

Moreover, defense counsel started a review of the other hard-copy documents in the government's possession, which comprise approximately 24 full boxes of single or double-sided papers.  While counsel has only been able to go through a fraction of the material due to the volume, it became clear that there were additional privileged documents in these boxes.  Currently, counsel understands that the "taint" prosecutor is reviewing the boxes and unilaterally flagging what she believes may be privileged.  However, there are also privileged documents that were overlooked and not flagged.  Our understanding is that if the "taint" prosecutor does not flag documents, they are subject to immediate review and dispersal to agents and the prosecution team.  This process is prejudicial to the defendant as he should be able to make his own privilege determinations without the prosecution team reviewing and dispersing documents beforehand.

In addition, the government seized voluminous electronic materials from a computer and server, which likely suffer from the same issue.  We have given the FBI a hard drive to make a copy for us of the materials, but have been told that we will not receive the materials for at least a week if not more.[3]  It is not clear if the "taint" prosecutor is reviewing the electronic documents first as ordered by Your Honor, but even if that is the procedure they are employing, there will likely be privileged documents that are overlooked.

---

[3] Although the computer hardware was previously returned, a copy image is required for review, because changes would occur to the material if the computers are restarted.

This review by the government should stop immediately pending the resolution of the motion before Your Honor on the underlying propriety of the search warrant. Moreover, while the "taint" prosecutor is flagging documents as potentially privileged, a sample review of the hard copy documents made clear that some documents were overlooked.  Furthermore, it is unclear what process is being employed for the electronic documents. Under the circumstances, the government's reviews should be halted until the Court has first resolved the issues with the warrant.   Second, the prosecution team and its agents should not review any materials until after defense counsel has reviewed documents to make determinations as may be appropriate to protect privileges.

## **CONCLUSION**

In sum, the government should cease review of all materials seized pending the outcome of defendant's motion – both the paper and electronic documents.  The review itself is violative of the Defendant's rights – in particular because the basis for the seizure was improper to begin with.  Moreover, the "taint" prosecutor has identified additional privileged documents and has missed others, and yet documents continue to be turned over to the trial team. Permitting continued review will unfairly prejudice the defendant and violate his constitutional right to due process.[4]

For all of the reasons set forth above, Mr. Hallinan respectfully requests that Your Honor:  (1) order the cessation of any review of the seized documents by the FBI pending further proceedings by the Court; and (2) employ the same procedure as the

---

[4] If indeed the government is concerned about Mr. Hallinan's rights as it professes, the government should not object to this procedure.  It has repeatedly expressed that the basis for the warrant was to locate assets should a money judgment be ordered.  If that was their true intent, which remains to be seen, then delaying the review so that Mr. Hallinan's rights can be protected will have no effect on any current proceedings.

4

Court's May 1st order in allowing counsel to review the seized documents – both paper and electronic documents - and assert privileges. Counsel also offers the briefing schedule described herein for the full resolution of the search warrant motion.

Dated: May 9, 2018

        **KATTEN MUCHIN ROSENMAN, LLP**

        By:   /s Michael M. Rosensaft
            Michael Rosensaft
            575 Madison Avenue
            New York, New York 10022-2585
            (212) 940-8800 (phone)
            (212) 940-8776 (fax)

        -and-

        **JACOBS & BARBONE, P.A.**

        Edwin J. Jacobs, Jr.
        Jacobs & Barbone, P.A.
        1125 Pacific Avenue
        Atlantic City, NJ 08401
        (609) 348-1125 (phone)
        (609) 348-3774 (fax)

        **STRADLEY RONON STEVENS & YOUNG, LLP**

        Andrew K. Stutzman
        2005 Market Street, Suite 2600
        Philadelphia, PA 19103
        (215) 564-8000 (phone)
        (215) 564-8120 (fax)

        *Attorneys for Defendant Charles M. Hallinan*