IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 16-130-01 |
| v. | : | |
| | : | |
| CHARLES M. HALLINAN | : | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

**AND NOW,** this **27th** day of **June, 2018,** upon consideration of the Government's Motion for a Preliminary Order of Forfeiture and Proposed Findings of Fact and Conclusions of Law (ECF No. 326) and the Government's Supplemental Motion for Preliminary Order of Forfeiture and Supplemental Proposed Findings of Fact and Conclusions of Law in Support (ECF No. 466), and the responses and replies thereto, and following evidentiary hearings held with counsel for the parties on April 6, 2018, and April 25, 2018, for the reasons set forth in the Court's findings of fact and conclusions of law dated June 22, 2018, it is hereby **ORDERED** that the Government's Motion for a Preliminary Order of Forfeiture (ECF No. 326) and the Government's Supplemental Motion for Preliminary Order of Forfeiture (ECF No. 466) are **GRANTED in part** and **DENIED in part.**

The parties shall file any objections to this Judgment and Preliminary Order of Forfeiture, together with memoranda

with pinpoint citations to the record and supporting legal authorities, by **Tuesday, July 3, 2018, at 4:00 p.m.**[1]

The Court rules as follows:

1.  As a result of the offenses charged in Counts One and Two of the Superseding Indictment, as to which the jury found Defendant Charles M. Hallinan guilty, and pursuant to 18 U.S.C. § 1963(a), Hallinan shall forfeit to the United States (1) any interest in, or property or contractual right of any kind affording a source of influence over any enterprise which Hallinan has established, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, see 18 U.S.C. § 1963(a)(2)(D); and (2) any property constituting, or derived from, any proceeds which Hallinan obtained, directly or indirectly, from unlawful debt collection, in violation of 18 U.S.C. § 1962, see 18 U.S.C. § 1963(a)(3).

2.  Based on the record, for the reasons set forth in the Court's findings of fact and conclusions of law dated June 22, 2018, the Court finds, beyond a reasonable doubt, that the value of any property constituting, or derived from, any proceeds which Hallinan obtained, directly or indirectly, from unlawful debt collection, in violation of 18 U.S.C. § 1962, as a

---

[1] Failure to file objections by this deadline will result in waiver of the objections.

result of the offenses charged in Counts One and Two of the Superseding Indictment, is $65,339,327.

3. This sum is subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(3).

4. Therefore, a money judgment in the amount of $65,339,327 is hereby entered and ordered against Hallinan.

5. As a result of the offenses charged in Counts Nine through Seventeen of the Superseding Indictment, as to which the jury found Hallinan guilty, and pursuant to 18 U.S.C. § 982(a)(1), Hallinan shall forfeit to the United States any property, real or personal, involved in the commission of the offenses charged in Counts Nine through Seventeen of the Superseding Indictment, or any property traceable to such property.

6. Based on the record, for the reasons set forth in the Court's findings of fact and conclusions of law dated June 22, 2018, the Court finds, by a preponderance of the evidence, that the value of any property, real or personal, involved in the commission of the offenses charged in Counts Nine through Seventeen of the Superseding Indictment, or any property traceable to such property, is $90,000.

7. This sum is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1).

8. Therefore, a money judgment in the amount of $90,000 is hereby entered and ordered against Hallinan.

9. The money judgments ordered in Paragraphs 5 and 8 of this Order shall run concurrently.

10. The Court finds, by a preponderance of the evidence, that the Government has established that, as a result of Hallinan's acts and omissions, the proceeds that Hallinan obtained from the commission of the offenses charged in Counts One and Seventeen of the Superseding Indictment, that is, $65,339,327 in proceeds, and the property involved in the money laundering offenses charged in Counts Nine through Seventeen, that is, $90,000, cannot be located upon the exercise of due diligence, and have been commingled with other property that cannot be subdivided without difficulty.

11. Therefore, pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), the Government is entitled to forfeit substitute assets equal to the value of the proceeds that Defendant Neff obtained as a result of his commission of the offense charged in Counts One and Two of the Superseding Indictment, that is, $65,339,327, and the property involved in money laundering charged in Counts Nine through Seventeen of the Superseding Indictment, that is, $90,000.

12. The United States has identified the following specific substitute assets in which Hallinan has a right, title

or interest which the Government seeks to forfeit pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b)(2)(A):

    a.    All right, title and interest in real property located at 641 N. Spring Mill Road, Villanova, Pennsylvania, with all improvements, appurtenances and attachments thereon.

13. Pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p)(2), Hallinan's right, title and interest in the property identified in Paragraph 12(a) of this Order is hereby forfeited to the United States.

14. Upon entry of this Order, the United States is authorized to seize the property identified in Paragraph 12(a) of this Order.

15. The net proceeds from the forfeiture and sale of the property identified in Paragraph 12(a) of this Order shall be applied against the $65,339,327 and $90,000 forfeiture money judgments ordered in Paragraphs 5 and 8 of this Order, in partial satisfaction thereof.

16. Based on the record and for the reasons set forth in the Court's findings of fact and conclusions of law dated June 22, 2018, the Court finds, beyond a reasonable doubt, that the following specific property is property that is an interest

in the RICO enterprise, which Hallinan established, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, as charged in Counts One and Two of the Superseding Indictment:

    a.    All funds in account number 009418321146 in the name of Hallinan Capital Corp., at Bank of America;

    b.    All funds in account number 6236347844 in the name of Hallinan Capital Corp., at Citizens Bank;

    c.    All funds in account number 9943232101 in the name of Hallinan Capital Corp., at Vanguard;

    d.    All funds in account number 6236347690 in the name of Apex 1 Lead Generators, at Citizens Bank;

    e.    All funds in account number 6236347771 in the name of Blue Water Funding Group, LLC, at Citizens Bank;

    f.    All funds in account number 6236347879 in the name of Mill Realty Management, LLC, at Citizens Bank;

    g.    All funds in account number 88044257268 in the name of Apex 1 Processing, at Vanguard;

h.  All funds in account number 271501789868 in the name of Apex 1 Processing, Inc., d/b/a Cash Advance Network, at Power Pay, EVO Payments International;

i.  All funds in account number 271501796475 in the name of Apex 1 Processing, Inc., d/b/a Instant Cash USA, at Power Pay, EVO Payments International;

j.  All funds in account number 271501796327 in the name of Apex 1 Processing, Inc., d/b/a Paycheck Today, at Power Pay, EVO Payments International;

k.  All funds in account number 27150179590 in the name of Fifth Avenue Financial, Inc., d/b/a My Next Paycheck, at Power Pay, EVO Payments International;

l.  All funds in account number 271501796665 in the name of Palmetto Financial, Inc., d/b/a My Payday Advance, at Power Pay, EVO Payments International;

m.  All funds in account number 271501796707 in the name of Sabal Financial, Inc., d/b/a Your Fast Payday, at Power Pay, EVO Payments International;

n. Funds in the amount of $92,587.23 in account number 623021206, in the name of Charles Hallinan, at Morgan Stanley;

o. Funds in the amount of $58,461.62 in account number 009466692476, in the name of Charles Hallinan, at Bank of America;

p. Funds in the amount of $20,665.75 in account number 009001408711, in the name of Charles Hallinan, at Bank of America;

q. Funds in the amount of $100,930.00 in account number 7101622806, in the name of Charles M. Hallinan, at Bank of Leumi;

r. Funds in the amount of $211,648.99 in account number 4300263160, in the name of Charles Hallinan, at TD Bank;

s. One (1) 2014 Bentley Flying Spur bearing Vehicle Identification Number SCBEC9ZA7EC092360;

t. One (1) 2015 Mercedes Benz S550 bearing Vehicle Identification Number WDDUG8FB3FA123337; and

u. One (1) 2015 Mercedes Benz S550V4, bearing Vehicle Identification Number WDDUG8FB3FA123322.

17. Therefore, Hallinan's right, title, and interest in the property identified in Paragraph 16(a)-(u) of this Order is hereby forfeited to the United States.

18. Based on the record and for the reasons set forth in the Court's findings of fact and conclusions of law dated June 22, 2018, the Court finds, beyond a reasonable doubt, that the following specific property is property affording a source of influence over the RICO enterprise, which Hallinan established, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, as charged in Counts One and Two of the Superseding Indictment:

    a.    Real property located at 400 S.E. 5th Avenue, Apt. 304N, Boca Raton, Florida, with all improvements, appurtenances, and attachments thereon.

19. Therefore, Hallinan's right, title, and interest in the property identified in Paragraph 18(a) of this Order is hereby forfeited to the United States.

20. Upon entry of this Order, the United States is authorized to conduct any discovery necessary to identify, locate or dispose of property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

21. The net proceeds from the forfeiture and sale of the property identified in Paragraphs 12(a), 16(a)-(u), and

18(a) shall be applied against the $65,339,327 and $90,000 forfeiture money judgments, in partial satisfaction thereof.

22. Pursuant to 18 U.S.C. § 1963(l), the United States shall, upon entry of this Order, post on an official internet government forfeiture site (http://www.forfeiture.gov) for at least thirty consecutive days, notice of the Government's intent to dispose of the property identified above in Paragraphs 12(a), 16(a)-(u), and 18(a) of this Order in such manner as the Attorney General may direct.  This notice shall state that any person, other than Hallinan, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within sixty days after the first day of publication on the official internet government forfeiture site.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

23. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property identified above in Paragraphs 12(a), 16(a)-(u), and 18(a) of this Order, or to his

or her attorney, if he or she is represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days after the notice is received.

24. Any person, other than Hallinan, asserting a legal interest in the property identified above in Paragraphs 12(a), 16(a)-(u), and 18(a) of this Order may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his or her alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 1963(l) and 21 U.S.C. § 853(n).

25. After disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on a petition filed under 18 U.S.C. § 1963(l) or 21 U.S.C. § 853(n)(2), discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B).

26. If the parties do not file any objections, this Judgment and Preliminary Order of Forfeiture shall become final as to Hallinan at sentencing pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), and shall be made part of the sentence and included in the judgment and commitment order.

27. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(C).

28. The Clerk of Court shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation, the United States Marshal, and counsel for the parties.

**AND IT IS SO ORDERED.**

    s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**