# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

        v.         :   **Criminal No. 16-130-01**

CHARLES M. HALLINAN      :
_____

RHEA HALLINAN,
          **Petitioner.**      :

## ORDER AUTHORIZING DISCOVERY

AND NOW, this _____ day of _____, 2018, upon consideration of the government's motion pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) requesting the Court to authorize discovery to resolve factual issues regarding third party claims of ownership or interest in property subject to forfeiture in the above-captioned case, for the reasons set forth in the government's motion, the Court finds that such discovery is necessary or desirable under Rule 32.2(c)(1)(B) to resolve factual issues concerning the extent and nature of the petitioner's claim of ownership or interest in such property and the motion should be granted, and, therefore, it is hereby

ORDERED that the Motion of United States of America for an Order Authorizing Discovery is GRANTED; and it is further

ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure for the purpose set forth above.

_____
**HONORABLE EDUARDO C. ROBRENO**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

        **v.**      :   **Criminal No. 16-130-01**

CHARLES M. HALLINAN      :
_____

RHEA HALLINAN,
        **Petitioner.**      :

## MOTION OF UNITED STATES OF AMERICA
##  FOR ORDER AUTHORIZING DISCOVERY

      The United States of America, by its attorneys, William M. McSwain, United

States Attorney for the Eastern District of Pennsylvania, and Mark B. Dubnoff, Assistant United

States Attorney, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), requests this

Court to enter an order authorizing the parties to conduct discovery to resolve factual issues

regarding third party claims of ownership or interest in property subject to forfeiture in the

above-captioned case.

      WHEREFORE, for the reasons set forth in the attached memorandum of law, the

government requests that this Court grant the motion.

      Respectfully submitted,

      WILLIAM M. MCSWAIN
      United States Attorney

      */s/ Mark B. Dubnoff*
      MARK B. DUBNOFF
      Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **Criminal No. 16-130-01** |
| CHARLES M. HALLINAN | : | |
| _____ | | |
| RHEA HALLINAN, | | |
| Petitioner. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF UNITED STATES OF AMERICA
FOR ORDER AUTHORIZING DISCOVERY**

The United States of America, by its attorneys, submits this memorandum of law in support of its motion requesting the Court to authorize discovery in the above-captioned case.

**I.      BACKGROUND**

The defendant, Charles M. Hallinan, currently owes approximately $65,429,327 for two forfeiture money judgments imposed as a result of his convictions in this case. Additionally, on July 6, 2018, this Court ordered the defendant to forfeit certain assets, including but not limited to real property located at 641 N. Spring Mill Road, Villanova, Pennsylvania (the "Villanova House"), and a 2014 Bentley Flying Spur bearing Vehicle Identification number SCBEC9ZA7EC092360 (the "Bentley").      In accordance with the federal forfeiture laws, the government provided notice of this Court's Forfeiture Order to parties it believed may have an interest in the property identified in the Order, including but not limited to the Villanova House and the Bentley.

On August 6, 2018, Rhea Greenspan, the wife of defendant Hallinan, filed with this Court an ancillary petition claiming an interest in both the Villanova House and the Bentley.

This petition commenced the present ancillary proceeding pursuant to Federal Rule of Criminal Procedure 32.2(e).  By this motion, the government now requests this Court to authorize the parties to conduct discovery, as provided under Federal Rule of Criminal Procedure 32.2(c)(1)(B), to resolve factual issues regarding the third party claim of ownership or interest in property subject to forfeiture.

## II.    ARGUMENT

In this ancillary proceeding, petitioner asserts a claim to the Villanova House and the Bentley (collectively, the "Subject Property").  This Court ordered Hallinan to forfeit the Villanova House as a substitute asset as partial payment for separate money judgments of $65,339,327 and $90,000 that remain outstanding.  This Court also ordered Hallinan to forfeit the Bentley as an interest of a RICO enterprise, which Hallinan established, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, as charged in Counts One and Two of the superseding indictment.  Federal Rule of Criminal Procedure 32.2(c)(1)(B) provides that the court may "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues."  *See also United States v. Vithidkul*, 2014 WL 1515130, *3 (D. Md. 2014) (when claimants' amended claims still failed to provide the detail required by 21 U.S.C. § 853(n)(3), the court authorizes the government to use civil discovery to force claimants to flesh out their claims); *United States v. Kokko*, 2007 WL 2209260, *5-6 (S.D. Fla. 2007).

Discovery in an ancillary proceeding also is appropriate after the disposition of any dispositive motion under Rule 32.2(c)(1)(A), such as a motion to dismiss for lack of standing or failure to state a claim, and prior to any hearing on the petitioner's claim.  Fed.R.Crim.P. 32.2(c)(1)(B).  *See also United States v. BCCI Holdings (Luxembourg) S.A.*, 961 F. Supp. 282

- 2 -

(D. D.C. 1997) (noting that it was not unreasonable for government to await outcome of its motion to dismiss before requesting discovery from third-party petitioner).

The court also exercises wide discretion in authorizing discovery in ancillary proceedings. *See United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 671 (4th Cir. 1996). Rule 32.2(c)(1)(B) provides that Federal Rule of Civil Procedure 26 governs discovery in ancillary proceedings. Accordingly, parties may obtain discovery regarding any relevant matter that is not privileged. Furthermore, the information sought need not be admissible, but must be "reasonably calculated" to lead to admissible evidence. Fed.R.Civ.P. 26(b)(1).

Here, the government anticipates that it will seek discovery from the petitioner and other third parties concerning the nature and extent of petitioner's interest in the Subject Property, *i.e.*, the timing and circumstances surrounding their alleged acquisition of the Subject Property, etc. This information certainly is necessary to resolve the petitioner's claim to the Subject Property, which is a disputed issue of fact in this proceeding. To obtain this information, the government will pursue discovery in the manner authorized by the Federal Rules of Civil Procedure, including, but not limited to, depositions, interrogatories, and document production requests.

For these reasons, the government requests that this Court enter an order pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) that authorizes discovery in this ancillary forfeiture proceeding accordance with the Federal Rules of Civil Procedure.

**III.     CONCLUSION**

For the reasons explained above, the government requests that this Court grant the motion.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


 */s/ Mark B. Dubnoff*
MARK B. DUBNOFF
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF

UNITED STATES OF AMERICA FOR ORDER AUTHORIZING DISCOVERY was filed

electronically (and thus is available for viewing and downloading from the ECF system) and

served by electronic mail, upon:

> Michael M. Mustokoff
> Brett M. Feldman
> Duane Morris, LLP
> 30 South 17th Street
> Philadelphia, PA 19103-4196


> _/s/ Mark B. Dubnoff_
> MARK B. DUBNOFF
> Assistant United States Attorney

Date: August 13, 2018.