IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 16-130 |
| CHARLES M. HALLINAN<br>(Reg. No. 75207-066) | : | |

**ORDER AUTHORIZING DEPOSITION OF INMATE**

AND NOW, this _____ day of _____, 20_____, upon consideration of the government's motion, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), requesting leave of court to conduct a deposition by oral examination of the defendant, Charles M. Hallinan, a federal inmate, for cause shown, the Court concludes that the motion should be granted, and, therefore, it is hereby

ORDERED that the Motion of United States of America for Leave of Court to Conduct Deposition of Inmate by Oral Examination is GRANTED; and it is further

ORDERED that the government is authorized to conduct a deposition by oral examination of the defendant, Charles M. Hallinan (Reg. No. 75207-066); and it is further

ORDERED that the Warden, Federal Correctional Institution, Butner, shall make inmate Charles M. Hallinan (Reg. No. 75207-066) available to appear at the deposition on January 23, 2020, as requested by the government.

BY THE COURT:

_____
HONORABLE EDUARDO C. ROBRENO
*Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 16-130** |
| **CHARLES M. HALLINAN**<br>(Reg. No. 75207-066) | : | |

**MOTION OF UNITED STATES OF AMERICA
FOR LEAVE OF COURT TO CONDUCT
<u>DEPOSITION OF INMATE BY ORAL EXAMINATION</u>**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Mark B. Dubnoff, Maria M. Carrillo, and Lauren R. Baer, Assistant United States Attorneys, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), hereby requests leave of court to conduct a deposition by oral examination of the defendant, Charles M. Hallinan, a federal inmate, in the above-captioned case. In support of the motion, the government avers as follows:

1. The defendant, Charles M. Hallinan, currently is a federal inmate assigned to the Federal Correctional Institution, Butner, in Butner, North Carolina. Hallinan is scheduled to be released from custody on October 9, 2030.

2. On July 6, 2018, this Court sentenced Hallinan and, among other things, ordered him to pay a criminal fine of $2.5 million. This Court also entered in favor of the United States and against Hallinan two forfeiture money judgments in the amounts of $64,300,829.90 and $90,000, respectively. Since sentencing, Hallinan has made few, if any, payments, toward these debts, and they remain outstanding.

3. The government currently is attempting to enforce Hallinan's fine and forfeiture money judgment obligations. As part of its collection efforts, the government to date has obtained multiple preliminary orders of forfeiture with regard to certain assets, including: (1) real property located at 641 N. Spring Mill Road, Villanova, PA, where defendant Hallinan lived for decades (the "Villanova House"); (2) a Whetstone Partners LLC Series A-1 Senior Secured Promissory Note in the face amount of $2,000,000 payable to Linda B. Hallinan (the "Whetstone Note"); and (3) proceeds from the 2018 sale of real property located at 215 122nd Street, Stone Harbor, New Jersey 08247, which defendant Hallinan used as a beach house for decades (the "Stone Harbor Property");.

4. On August 6, 2018, Hallinan's wife, Rhea Hallinan, filed an ancillary petition in which she asserted an interest in the Villanova House. ECF No. 526.

5. On May 17, 2019, one of Hallinan's daughters, Linda Hallinan, filed an ancillary petition in which she asserted an interest in the Whetstone Note. ECF No. 599.

6. On May 22, 2019, Hallinan's other daughter, Carolyn Hallinan, filed an ancillary petition in which she asserted an interest in the proceeds from the sale of the Stone Harbor Property. ECF No. 605.

7. These ancillary proceedings are currently pending before this Court.

8. By this motion, the government seeks leave to examine Hallinan by deposition so it can ask him specific questions regarding his personal knowledge about the Villanova House, the Whetstone Note, and the Stone Harbor Property. Hallinan undoubtedly is the person most knowledgeable about the facts relating to all three ancillary petitions. He also

may be the only person with personal knowledge about certain facts relating to each ancillary petition.

9. The government also intends to ask Hallinan questions regarding the location and identity of other assets, as part of the government's ongoing discovery in aid of execution of this Court's monetary judgments. *See* Order of Forfeiture, July 6, 2018, at 16, ¶ 19 (authorizing the government to "conduct any discovery necessary to identify, locate or dispose of property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3)."); Fed. R. Crim. P. 32.2(b)(3) (authorizing the conduct of "any discovery the court considers proper in identifying, locating, or disposing of the property" subject to forfeiture); Fed. R. Civ. P. 69(a)(2) ("[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); 28 U.S.C. § 3105(a) (authorizing the government, when seeking to enforce a criminal fine, to engage in discovery to determine a defendant's financial resources in the manner discovery is authorized under the Federal Rules of Civil Procedure).

10. Federal Rule of Civil Procedure 30, which governs the procedures for depositions by oral examination, provides that a party "may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Under Rule 30(a)(2), a party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition and the if the deponent is confined in prison." Fed.R.Civ.P. 30(a)(2).

11. Hallinan is a federal inmate, and he remains in federal custody until October 2030. Hallinan's counsel has represented that he will oppose this motion.

12. The government submits that cause exists under Rule 30(a)(2) to grant the requested relief. The applicable discovery rules allow for the deposition. The information

sought by the government also is relevant to its efforts to collect the outstanding criminal fine and forfeiture money judgments ordered by this Court.  Accordingly, the government requests that this Court grant the motion.

   WHEREFORE, for the reasons explained above, the government requests that this Court grant the motion.

            Respectfully submitted,

            WILLIAM M. McSWAIN
            United States Attorney

            */s/ Mark B. Dubnoff*
            MARK B. DUBNOFF
            MARIA M. CARRILLO
            LAUREN R. BAER
            Assistant United States Attorneys

## CERTIFICATE OF SERVICE

        IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was filed electronically (and thus is available for viewing and downloading from the ECF system) and served by electronic mail, upon:

Edwin J. Jacobs, Jr
Jacobs and Barbone
1125 Pacific Avenue
Atlantic City, NJ 08401
*Counsel for Charles M. Hallinan*

Michael M. Rosensaft
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022-2585
*Counsel for Charles M. Hallinan*

Andrew K. Stutzman
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103-7018
*Counsel for Charles M. Hallinan*

                                                 */s/ Mark B. Dubnoff*
                                                 MARK B. DUBNOFF
                                                 Assistant United States Attorney

Date: December 18, 2019.