IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal No. 16-130-01** |
| **CHARLES M. HALLINAN** | : | |
| _____ | | |
| **LINDA B. HALLINAN,** | : | |
| Petitioner. | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2020, upon consideration of the Government's Motion *In Limine* to Preclude Petitioner's Expert Report and Testimony, it is ORDERED that the motion is GRANTED.

_____
**HONORABLE EDUARDO C. ROBRENO**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal No. 16-130-01** |
| **CHARLES M. HALLINAN** | : | |
| _____ | | |
| **LINDA B. HALLINAN,** | : | |
| Petitioner. | : | |

**MOTION *IN LIMINE* TO PRECLUDE
PETITIONER'S EXPERT REPORT AND TESTIMONY**

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Mark B. Dubnoff, Maria M. Carrillo, and Lauren R. Baer, Assistant United States Attorneys, hereby moves *in limine* to preclude petitioner Linda B. Hallinan's proffered expert report and testimony as irrelevant, pursuant to Fed. R. Evid. 401 and 402.

As this Court repeatedly has made clear, including in its recent denial of Ms. Hallinan's motion to compel (ECF No. 703 at 2, n.1), there are only two "salient issues" to be addressed at the February 26, 2020 hearing on Ms. Hallinan's ancillary petition: (1) whether she has a superior interest to the government in a Whetstone Partners LLC Series A-1 Senior Secured Promissory Note in the face amount of $2,000,000 payable to Linda B. Hallinan (the "Whetstone Note"); and (2) whether she is a *bona fide* purchaser for value of the note. The Court also expects *the Government* to provide evidence tracing the Whetstone Note to the Hallinan

Payday Lending Enterprise ("HPDLE," defined in earlier filings), *id.*, but it does not expect Ms. Hallinan to provide any evidence on tracing. *See generally id.*

Indeed, as the Court recently reiterated, a "third party's ancillary proceeding does not afford him or her 'the opportunity to relitigate matters pertinent to the prior stage of the proceedings from which that third party was statutorily excluded.'" ECF No. 703 at 1-2, n.1 (quoting *United States v. Nicoll*, 711 F. App'x 108, 111 (3d Cir. 2017)). Thus, Ms. Hallinan cannot relitigate the issue, which defendant Charles Hallinan vigorously litigated before his sentencing, that it matters how certain funds ended up in bank accounts for Hallinan Capital Corporation ("HCC"). This Court long ago ruled that such an inquiry is "not relevant." ECF No. 421 (granting government motion to preclude disclosure of work product) at 2, n.1.

Ms. Hallinan, through the proffered expert testimony of Nicole McNeil Donecker, is trying to present evidence that some of the funds that ended up in HCC's bank accounts originated from legitimate sources.[1] Such evidence is "not relevant," as the Court found. Once funds were in an HCC account, they were property of the enterprise and forfeitable as such, regardless of how they got there. *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Pacific Bank)*, 956 F. Supp. 2d 5, 12 (D.D.C. 1997) (even untainted property received by the enterprise after the racketeering activity had ceased is subject to forfeiture under subsection (a)(2)(A) because "all of a RICO defendant's interests in an enterprise, including the enterprise itself, are subject to forfeiture in their entirety, regardless of whether some portion of the enterprise is untainted by racketeering activity"); *United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Banque Indosuez)*, 961 F. Supp. 2d. 282, 286 (D.D.C. 1997) (claimant cannot

---

[1] This is a bizarre argument to the extent Ms. Hallinan wants to show that the funds used to pay the Whetstone Note derived from AMG, Scott Tucker's payday lending company, which had previously been known as National Money Services, Inc., ("NMS"), an entity that this Court concluded was part of the HPDLE. ECF No. 494 at 7, ¶8.e, *cited in* ECF No. 505 at 9-10, ¶ 3.

assert fact that wire transfer was received by defendant after criminal activity ceased as ground for challenging order of forfeiture).

Since the only issues before this Court are: (1) whether Ms. Hallinan can show she had a superior interest to the government in the Whetstone Note; and (2) whether she can establish that she was a *bona fide* purchaser of the note, her "expert" submissions are legally irrelevant. It would be a waste of the Court's time to consider them.

For all the foregoing reasons, the government's motion *in limine* to preclude petitioner's proffered expert report and testimony should be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

 */s/ Mark B. Dubnoff*
MARK B. DUBNOFF
MARIA M. CARRILLO
LAUREN R. BAER
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was filed electronically (and thus is available for viewing and downloading from the ECF system) and served by electronic mail, upon:

>Joseph G. Poluka
>Jed M. Silversmith
>Blank Rome LLP
>One Logan Square, 130 North 18th Street
>Philadelphia, PA 19103
>Phone:  (215) 569-5500
>Fax:  (215) 569-5555
>poluka@blankrome.com
>jsilversmith@blankrome.com
>
>Lance Rogers
>Rogers Castor
>26 E Athens Avenue
>Ardmore, PA 19003
>Phone:  (610) 228-0222
>Fax:  (877) 649-1880
>lance@rogercastor.com
>
>*Attorneys for Petitioner Linda B. Hallinan*

>   /s/ Mark B. Dubnoff
>   MARK B. DUBNOFF
>   Assistant United States Attorney

Date: February 25, 2020