IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 16-130-01 |
| CHARLES M. HALLINAN | : | |

**FOURTH PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS AND ADDITIONAL PROPERTY SUBJECT TO FORFEITURE**

AND NOW, this __26th__ day of __February__, 2020, upon consideration of the government's motion, pursuant to Federal Rule of Criminal Procedure 32.2(e), 18 U.S.C. § 1963(m), and 21 U.S.C. § 853(p), requesting the Court to enter a Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture, in partial satisfaction of the Forfeiture Money Judgment entered against the defendant that remains outstanding, and, for the reasons set forth in the motion, the Court finds the following:

1. On December 1, 2016, a federal grand jury returned a Superseding Indictment charging defendant Charles M. Hallinan with RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Counts One and Two); conspiracy, in violation of 18 U.S.C. § 371 (Count Three); mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341 & 2 (Counts Four and Five); wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 & 2 (Counts Six through Eight); and money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1956(a)(2)(A) & 2 (Counts Nine through Seventeen).

2. The Superseding Indictment also contained three Notices of Forfeiture. Notices of Forfeiture Nos. 1 and 2 related to the racketeering allegations in Counts One and Two.

Notice of Forfeiture No. 3 related to the fraud and money laundering allegations in Counts Three through Seventeen.

3. On November 27, 2017, after a two-month trial, a federal jury convicted Hallinan on all 17 counts in the superseding indictment.

4. On July 6, 2018, this Court sentenced the defendant to 168 months' imprisonment, followed by 3 years' supervised release. The Court also ordered Hallinan to pay a fine of $2,500,000 and a special assessment of $1,700.

5. The Court also entered a Judgment and Preliminary Order of Forfeiture with accompanying memorandum that, *inter alia*, (1) ordered Hallinan to pay a forfeiture money judgment in the amount of $64,300,829.90, arising from his convictions on Counts One and Two; (2) ordered Hallinan to pay a forfeiture money judgment in the amount of $90,000, arising from his convictions on Counts Nine through Seventeen, to run concurrently with the money judgment for Counts One and Two; (3) pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), ordered that the government is entitled to forfeit substitute assets equal to the value of the proceeds that Hallinan obtained as a result of the commission of the offenses charged in Counts One and Two, that is $64,300,829.90 and Counts Nine through Seventeen, that is, $90,000, specifically finding that "as a result of Hallinan's acts and omissions, the proceeds that Hallinan obtained from the commission of the offenses. . . cannot be located upon the exercise of due diligence, and have been commingled with other property that cannot be subdivided without difficulty." *Id.* at ¶ 10; (4) ordered forfeited to the United States Hallinan's interest in real property located at 641 N. Spring Mill Road, Villanova, PA, as a substitute property; (5) ordered Hallinan to forfeit all interest in the RICO enterprise that was the basis of the offense charged in

Count One, described as the Hallinan Payday Lending Enterprise ("HPDLE"); and (6) ordered forfeited to the United States 21 specific properties as properties that are interests in the HPDLE.

6. This forfeiture judgment became final at sentencing. See Exhibit A to the Judgment and Order of Commitment, ECF No. 505.

7. On January 24, 2019, the government filed a Motion for Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture, ECF No. 578.

8. On March 15, 2019, this Court entered a Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture forfeiting the following: (1) $2,322,993.70 in proceeds from the sale of 215 122nd Street, Stone Harbor, New Jersey 08247, plus all interest accrued since October 12, 2018; (2) all right, title and interest in real property located at 400 S. E. 5th Ave, Apt. 304N, Boca Raton, FL, with all improvements, appurtenances, and attachments thereon; (3) a total of $6,100,000.00 in promissory notes for Whetstone entities: (a) Whetstone Partners LLC Series A Senior Secured Promissory Note in the face amount of $1,020,000 payable to Mr. Charles Hallinan; (b) Whetstone Partners LLC Series A-1 Senior Secured Promissory Note in the face amount of $1,080,000 payable to Mr. Charles Hallinan; (c) Whetstone Partners LLC Series A-1 Senior Secured Promissory Note in the face amount of $2,000,000 payable to Linda B. Hallinan; and (d) Whetstone Holdings LLC Series A-3 Senior Secured Promissory Note in the face amount of $3,000,000 payable to Mr. Charles Hallinan, of which $1,000,000 has been paid down; and (4) $100,000 in proceeds from the sale of 3222 S. Sydenham St., Philadelphia, PA 19145-5823. ECF No. 582.

9. On July 18, 2019, the government filed a Motion for Partial Final Order of Forfeiture. ECF No. 626.

10. On August 7, 2019, the government filed a Second Motion for Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture, ECF No. 628.

11. On August 13, 2019, this Court entered a Judgment and Partial Final Order of Forfeiture, forfeiting the following: (a) All funds in account number 009419321146 in the name of Hallinan Capital Corp., at Bank of America; (b) All funds in account number 6236347844 in the name of Hallinan Capital Corp., at Citizens Bank; (c) All funds in account number 9943232101 in the name of Hallinan Capital Corp., at Vanguard; (d) All funds in account number 6236347690 in the name of Apex 1 Lead Generators, at Citizens Bank; (e) All funds in account number 6236347771 in the name of Blue Water Funding Group, LLC, at Citizens Bank; (f) All funds in account number 6236347879 in the name of Mill Realty Management, LLC, at Citizens Bank; (g) All funds in account number 88044257268 in the name of Apex 1 Processing, at Vanguard; (h) All funds in account number 271501789868 in the name of Apex 1 Processing, Inc., d/b/a Cash Advance Network, at Power Pay, EVO Payments International; (i) All funds in account number 271501796475 in the name of Apex 1 Processing, Inc., d/b/a Instant Cash USA, at Power Pay, EVO Payments International; (j) All funds in account number 271501796327 in the name of Apex 1 Processing, Inc., d/b/a Paycheck Today, at Power Pay, EVO Payments International; (k) All funds in account number 271501796590 in the name of Fifth Avenue Financial, Inc., d/b/a My Next Paycheck, at Power Pay, EVO Payments International; (l) All funds in account number 271501796665 in the name of Palmetto Financial, Inc., d/b/a My Payday Advance, at Power Pay, EVO Payments International; (m) All

funds in account number 271501796707 in the name of Sabal Financial, Inc., d/b/a Your Fast Payday, at Power Pay, EVO Payments International; (n) Funds in the amount of $92,587.23 in account number 623021206, in the name of Charles Hallinan, at Morgan Stanley; (o) Funds in the amount of $58,461.62 in account number 009466692476, in the name of Charles Hallinan, at Bank of America; (p) Funds in the amount of $20,665.75 in account number 009001408711, in the name of Charles Hallinan, at Bank of America; (q) Funds in the amount of $100,930.00 in account number 7101622806, in the name of Charles M. Hallinan, at Bank of Leumi; (r) Funds in the amount of $211,648.93 in account number 4300263160, in the name of Charles Hallinan, at TD Bank; (s) One (1) 2014 Bentley Flying Spur bearing Vehicle Identification Number SCBEC9ZA7EC092360; (t) One (1) 2015 Mercedes Benz S550 bearing Vehicle Identification Number WDDUG8FB5FA123337; (u) One (1) 2015 Mercedes Benz S550V4, bearing Vehicle Identification Number WDDUG8FB3FA123322; (v) Promissory notes for Whetstone entities: (a) Whetstone Partners LLC Series A Senior Secured Promissory Note in the face amount of $1,020,000 payable to Mr. Charles Hallinan; (b) Whetstone Partners LLC Series A-1 Senior Secured Promissory Note in the face amount of $1,080,000 payable to Mr. Charles Hallinan; and (c) Whetstone Holdings LLC Series A-3 Senior Secured Promissory Note in the face amount of $3,000,000 payable to Mr. Charles Hallinan, of which $1,000,000 has been paid down; and (w) $100,000 in proceeds from the sale of 3222 S. Sydenham St., Philadelphia, PA 19145-5823. ECF No. 634.

12. Also on August 13, 2019, this Court held a status hearing and counsel for Carolyn P. Hallinan objected to the entry of the government's Second Motion for Preliminary Order of Forfeiture. Specifically, counsel's objections related to the $250,000 Blue Sky Wireless LLC demand note (listed as asset "b" in the motion). Counsel did not object to the $1,350,000

Blue Sky Wireless LLC promissory notes (listed as asset "a" in the motion) or to the equity interest in the Whetstone entities (listed as asset "c" in the motion).

13. Subsequently, this Court set a scheduling order that responses to the government's Second Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture shall be filed by October 15, 2019; any replies shall be filed by November 18, 2019; and the Court will hold a hearing on the motion on December 17, 2019. ECF No. 635.

14. On September 16, 2019, the government filed a Motion for Amended Second Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture ("Motion for Amended Second Preliminary Order of Forfeiture"), as well as a Motion for Third Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture ("Motion for Third Preliminary Order of Forfeiture"). ECF Nos. 645, 646. Notably, no "new" assets were listed in these motions. The Motion for Amended Second Preliminary Order of Forfeiture included only the $250,000 Blue Sky Wireless LLC demand note, which was the subject of the dispute and subsequent briefing schedule. The Motion for Third Preliminary Order of Forfeiture included the $1,350,000 in Blue Sky Wireless LLC promissory notes payable to Atlantic Funding LLC, and all equity interest in the Whetstone Entities held by Charles Hallinan, CapFunding, and Fast Business Funding from the Second Preliminary Order of Forfeiture (ECF No. 628), because the government did not anticipate any other objections to these assets. The reasoning behind splitting the assets from the Second Preliminary Order of Forfeiture was to permit the government to move forward with its collections efforts in a timely manner, while still preserving counsel's objections and allowing her to brief the issue.

15. On September 17, 2019, this Court held a hearing on Carolyn Hallinan's motion to quash subpoenas relating the government's pursuit of Charles Hallinan's assets.

16. Also on September 17, 2019, this Court entered the Third Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture forfeiting the following: (1) A total of $1,350,000 in Blue Sky Wireless LLC promissory notes payable to Atlantic Funding LLC, plus all accrued interest at a 1.25% monthly rate; and (2) All equity interest in the Whetstone Entities held by Charles Hallinan, CapFunding, and Fast Business Funding. ECF No. 649.

17. On December 17, 2019, this Court held a hearing, and, among other matters, heard argument on counsel's objections to the forfeiture of the $250,000 Blue Sky Wireless LLC demand note.

18. On December 18, 2019, this Court issued a Preliminary Order forfeiting the $250,000 Blue Sky Wireless LLC demand note. ECF No. 684.

19. On January 7, 2020, the government filed a Motion for Judgment and Second Partial Final Order of Forfeiture. ECF No. 687.

20. As of this date, the government has forfeited approximately $5,453,913.86 in assets which has been credited against the defendant's forfeiture money judgment.[1]

21. The assets credited against the forfeiture money judgment nonetheless leave a balance of more than $58,000,000 remaining on the forfeiture debt.[2]

---

[1] Since the government's last forfeiture filing, three luxury vehicles were sold: (1) the 2014 Bentley Flying Spur sold on October 2, 2019 for $87,350; (2) the 2015 Mercedes S550 sold on October 21, 2019 for $47,025; and (3) the 2015 Mercedes S550V4 sold on October 1, 2019 for $51,475. The total amount credited from these three vehicles was $185,850. Additionally, $100,000 in proceeds from the sale of 3222 S. Sydenham St., Philadelphia, PA 19145-5823 was credited, as well as $3,900,000 in Whetstone promissory notes. These assets are all included in the updated forfeiture calculations.

[2] If this Court were to grant the pending motion for a Second Partial Final Order of Forfeiture (ECF No. 687), which includes the Whetstone equity of approximately $3,755,396.05, the total amount

22. Rule 32.2(e) of the Federal Rules of Criminal Procedure permits the court to amend the Judgment and Preliminary Order of Forfeiture to include property that is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered and to include property that is substitute property of the defendant. Fed. R. Crim. P. 32.2(e).

23. Further, 18 U.S.C. § 1963(e) provides that after an order of forfeiture is entered in a criminal case, the court may take any steps necessary to preserve property subject to forfeiture.

> Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following the entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited.

18 U.S.C. § 1963(e). Section 853(g) of Title 21, United States Code, as made applicable by 28 U.S.C. § 2461, similarly provides that:

> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited

21 U.S.C. § 853(g). *See United States v. Stazola*, 893 F.2d 34, 39 (3d Cir. 1990) ("In § 853(g), Congress conferred upon the court broad power to take any action necessary 'to protect the interest of the United States in the property ordered forfeited.'"). Section 853(o) of Title 21,

---

forfeited would be approximately $9,209,309.91, which would still leave a balance of more than $54,000,000.

- 8 -

United States Code, as made applicable by 28 U.S.C. § 2461, further instructs that the provisions of Section 853 "shall be liberally construed to effectuate its remedial purposes."

24. Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p) permit the forfeiture of substitute property where, as a result of any act or omission of the defendant, the proceeds obtained cannot be located upon the exercise of due diligence. *See* 18 U.S.C. § 1963(m); 21 U.S.C. § 853(p)(1)(A). The government is entitled to an order forfeiting property as a substitute asset if it meets any of the criteria identified in 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p) by a preponderance of the evidence. *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999). The Third Circuit, in *United States v. Napoli*, 661 Fed. Appx. 221, 223 (3d Cir. 2016), observed that when the government seeks to forfeit substitute assets in satisfaction of a money judgment, "The Government generally has little difficulty in making the necessary showing under Section 853(p)." (Quotation omitted). In *Napoli*, the government presented an affidavit of a deputy U.S. Marshal, who stated that he had conducted a full financial investigation of the defendant and could not locate any substantial assets of the defendant. *Id.*, at 223.

25. Based on the evidence that the government presented at the forfeiture hearing and the record, this Court found and ordered on July 6, 2018, that "by a preponderance of the evidence, … the Government has established that, as a result of Hallinan's acts and omissions, the proceeds that Hallinan obtained from the commission of the offenses charged in Counts One and Seventeen of the Superseding Indictment, that is, $64,300,829.90 in proceeds, and the property involved in the money laundering offenses charged in Counts Nine through Seventeen, that is, $90,000, cannot be located upon the exercise of due diligence, and have been commingled with other property that cannot be subdivided without difficulty." This Court

further found and ordered that, therefore, pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), the government is entitled to forfeit substitute assets equal to the value of the proceeds that the defendant obtained and of the property involved in the money laundering.

26. Here, the government seeks forfeiture of these assets as an interest in the HPDLE and, alternatively, as substitute assets in partial satisfaction of the forfeiture money judgment pursuant to the Court's Preliminary Order of Forfeiture.

27. For the reasons set forth in the motion, the Court concludes that cause exists to grant the motion and enter an Order for the forfeiture of substitute assets and assets of the HPDLE.

NOW, THEREFORE, it is hereby

ORDERED that the Motion of United States of America for Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture is GRANTED; and it is further

ORDERED that the Judgment and Preliminary Order of Forfeiture dated July 6, 2018, is hereby AMENDED pursuant to Federal Rule of Criminal Procedure 32.2(e), 18 U.S.C. § 1963(m), and 21 U.S.C. § 853(p), and all right, title, and interest of the defendant in the following assets:

> a. Certain funds held in escrow relating to the September 20, 2017 stock purchase agreement between Clarity Services, Inc. and Experian Holdings, Inc.:
>   i. A total of $10,039,156.51 held in escrow account #XX4832.1 ("First Hallinan Escrow Fund"), plus all accrued interest, plus any future additional funds due to this account following any release, payout, liquidation, transfer, or turnover of the Special Indemnity Escrow (account #XX4830), General Escrow (account #XX4829.1); and/or Sales Tax and Net Working Capital escrow (account #XX4831.1); and
>   ii. A total of $11,139,156.51 held in escrow account # XX4833.1 ("Second Hallinan Escrow Fund"), plus all accrued interest,

        plus any future additional funds due to this account following any release, payout, liquidation, transfer, or turnover of the Special Indemnity Escrow (account #XX4830), General Escrow (account #XX4829.1); and/or Sales Tax and Net Working Capital escrow (account #XX4831.1).

    b. A total of $650,000, which represents the sale of a portion of Rhea Hallinan's stock ownership interest in Xtraction Services, LLC, currently held in Union bank escrow account #2518;

is hereby forfeited to the United States as an interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over the HPDLE, pursuant to 18 U.S.C.§ 1963(a)(2)[3]; alternatively, as a substitute asset; and it is further

    ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(6), 18 U.S.C. § 1963(l), and 21 U.S.C. § 853(n)(1), the government shall, upon entry of this Order, post on an official internet government forfeiture site (www.forfeiture.gov) for a period of at least 30 consecutive days, notice of the government's intent to dispose of the property in such a manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in the property subject to this Order must file a petition with the Court no later than thirty days after the last day of publication on the official internet government forfeiture site.

    The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought; and it is further

---

[3] ECF No. 505, Exhibit A, ¶ 3.

- 11 -

ORDERED that, to the extent practicable, the government also shall provide direct written notice to any person known to have alleged an interest in the property that is subject to this Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture must file a petition with the Court within 30 days after the notice is received; and it is further

ORDERED that any person, other than defendant, asserting a legal interest in the subject property may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture, pursuant to 18 U.S.C. § 1963(l)(2) and 21 U.S.C. § 853(n)(6).

The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought; and it is further

ORDERED that, after the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues; and it is further

ORDERED that the government shall have clear title to the subject property following the Court's disposition of all third-party interests and it is further

ORDERED that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e); and it is further

ORDERED that the Judgment and Preliminary Order of Forfeiture entered on July 6, 2018 shall otherwise remain unmodified and in full effect; and it is further

ORDERED that the Clerk of Court shall deliver a certified copy of this Fourth Preliminary Order of Forfeiture for Substitute Assets and Additional Property Subject to Forfeiture to the Federal Bureau of Investigation, United States Marshal's Service, and counsel for the parties.

On this __26__ day of __February__, 2020

_____
**HONORABLE EDUARDO C. ROBRENO**
*United States District Judge*