# 1970 RICO Legislation

of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

"(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section.

## "§ 1963. Criminal penalties

"(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.

"(b) In any action brought by the United States under this section, the district courts of the United States shall have jurisdiction to enter such restraining orders or prohibitions, or to take such other actions, including, but not limited to, the acceptance of satisfactory performance bonds, in connection with any property or other interest subject to forfeiture under this section, as it shall deem proper. [Court restraining orders.]

"(c) Upon conviction of a person under this section, the court shall authorize the Attorney General to seize all property or other interest declared forfeited under this section upon such terms and conditions as the court shall deem proper. If a property right or other interest is not exercisable or transferable for value by the United States, it shall expire, and shall not revert to the convicted person. All provisions of law relating to the disposition of property, or the proceeds from the sale thereof, or the remission or mitigation of forfeitures for violation of the customs laws, and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to forfeitures incurred, or alleged to have been incurred, under the provisions of this section, insofar as applicable and not inconsistent with the provisions hereof. Such duties as are imposed upon the collector of customs or any other person with respect to the disposition of property under the customs laws shall be performed under this chapter by the Attorney General. The United States shall dispose of all such property as soon as commercially feasible, making due provision for the rights of innocent persons. [Property, seizure and disposition.]

## "§ 1964. Civil remedies

"(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons. [Jurisdiction.]

"(b) The Attorney General may institute proceedings under this section. In any action brought by the United States under this section, the court shall proceed as soon as practicable to the hearing and determination thereof. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take

# 1984 RICO Legislation

been convicted of a crime of violence or otherwise serious offense; and

"(3) the general appropriateness of imposing a sentence of imprisonment in cases in which the defendant has been convicted of a crime of violence or otherwise serious offense.

## CHAPTER III—FORFEITURE

Comprehensive Forfeiture Act of 1984.
18 USC 1961 note.

SEC. 301. This title may be cited as the "Comprehensive Forfeiture Act of 1984".

### PART A

SEC. 302. Section 1963 of title 18 of the United States Code is amended to read as follows:

"§ 1963. Criminal penalties

"(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States, irrespective of any provision of State law—

"(1) any interest the person has acquired or maintained in violation of section 1962;

"(2) any—

"(A) interest in;

"(B) security of;

"(C) claim against; or

"(D) property or contractual right of any kind affording a source of influence over;

any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

"(3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

The court, in imposing sentence on such person shall order, in addition to any other sentence imposed pursuant to this section, that the person forfeit to the United States all property described in this subsection.

"(b) Property subject to criminal forfeiture under this section includes—

"(1) real property, including things growing on, affixed to, and found in land; and

"(2) tangible and intangible personal property, including rights, privileges, interests, claims, and securities.

"(c) All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (m) that he is a bona fide purchaser for value of such property who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section.

"(d) If any of the property described in subsection (a)—

"(1) cannot be located;

PUBLIC LAW 98-473—OCT. 12, 1984          98 STAT. 2041

"(2) has been transferred to, sold to, or deposited with, a third party;

"(3) has been placed beyond the jurisdiction of the court;

"(4) has been substantially diminished in value by any act or omission of the defendant; or

"(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

"(e)(1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section—

    Courts, U.S.

"(A) upon the filing of an indictment or information charging a violation of section 1962 of this chapter and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; or

"(B) prior to the filing of such an indictment or information, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that—

"(i) there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

"(ii) the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered:

*Provided, however,* That an order entered pursuant to subparagraph (B) shall be effective for not more than ninety days, unless extended by the court for good cause shown or unless an indictment or information described in subparagraph (A) has been filed.

"(2) A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than ten days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this paragraph shall be held at the earliest possible time, and prior to the expiration of the temporary order.

"(3) The court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence.

"(f) Upon conviction of a person under this section, the court shall enter a judgment of forfeiture of the property to the United States and shall also authorize the Attorney General to seize all property

    28 USC app.
    Seizure and
    forfeiture of
    property.

98 STAT. 2042          PUBLIC LAW 98-473—OCT. 12, 1984

ordered forfeited upon such terms and conditions as the court shall deem proper. Following the entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the enterprise which are required by law, or which are necessary to protect the interests of the United States or third parties.

Disposition of property.

"(g) Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. Any property right or interest not exercisable by, or transferable for value to, the United States shall expire and shall not revert to the defendant, nor shall the defendant or any person acting in concert with or on behalf of the defendant be eligible to purchase forfeited property at any sale held by the United States. Upon application of a person, other than the defendant or a person acting in concert with or on behalf of the defendant, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm or loss to him. Notwithstanding 31 U.S.C. 3302(b), the proceeds of any sale or other disposition of property forfeited under this section and any moneys forfeited shall be used to pay all proper expenses for the forfeiture and the sale, including expenses of seizure, maintenance and custody of the property pending its disposition, advertising and court costs. The Attorney General shall deposit in the Treasury any amounts of such proceeds or moneys remaining after the payment of such expenses.

"(h) With respect to property ordered forfeited under this section, the Attorney General is authorized to—

"(1) grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims of a violation of this chapter, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this chapter;

"(2) compromise claims arising under this section;

"(3) award compensation to persons providing information resulting in a forfeiture under this section;

"(4) direct the disposition by the United States of all property ordered forfeited under this section by public sale or any other commercially feasible means, making due provision for the rights of innocent persons; and

"(5) take appropriate measures necessary to safeguard and maintain property ordered forfeited under this section pending its disposition.

"(i) The Attorney General may promulgate regulations with respect to—

"(1) making reasonable efforts to provide notice to persons who may have an interest in property ordered forfeited under this section;

PUBLIC LAW 98-473—OCT. 12, 1984          98 STAT. 2043

"(2) granting petitions for remission or mitigation of forfeiture;

"(3) the restitution of property to victims of an offense petitioning for remission or mitigation of forfeiture under this chapter;

"(4) the disposition by the United States of forfeited property by public sale or other commercially feasible means;

"(5) the maintenance and safekeeping of any property forfeited under this section pending its disposition; and

"(6) the compromise of claims arising under this chapter. Pending the promulgation of such regulations, all provisions of law relating to the disposition of property, or the proceeds from the sale thereof, or the remission or mitigation of forfeitures for violation of the customs laws, and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to forfeitures incurred, or alleged to have been incurred, under the provisions of this section, insofar as applicable and not inconsistent with the provisions hereof. Such duties as are imposed upon the Customs Service or any person with respect to the disposition of property under the customs law shall be performed under this chapter by the Attorney General.

"(j) Except as provided in subsection (m), no party claiming an interest in property subject to forfeiture under this section may—

"(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or

"(2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

"(k) The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.   Courts, U.S.

"(l) In order to facilitate the identification or location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States the court may, upon application of the United States, order that the testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure.   18 USC app.

"(m)(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property for at least seven successive court days in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

"(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate

the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

"(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

"(4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

"(5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.

"(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

"(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

"(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

"(7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.".

PART B

SEC. 303. Part D of title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 841 et seq.) is amended by adding at the end thereof the following new sections 413 and 414:

"CRIMINAL FORFEITURES

"PROPERTY SUBJECT TO CRIMINAL FORFEITURE

*Post*, p. 2192, 2193.
21 USC 853.
21 USC 951.

"SEC. 413. (a) Any person convicted of a violation of this title or title III punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—

# 1984 Legislative History

# UNITED STATES CODE CONGRESSIONAL AND ADMINISTRATIVE NEWS

## 98th Congress—Second Session
## 1984

Convened January 23, 1984

Adjourned October 12, 1984

## Volume 4

### LEGISLATIVE HISTORY
[PUBLIC LAWS 98-378 to 98-528]

ST. PAUL, MINN.
WEST PUBLISHING CO.

THIS MATERIAL IS SUBJECT TO U.S. COPYRIGHT LAW; FURTHER REPRODUCTION IN VIOLATION OF THAT LAW IS PROHIBITED

LEGISLATIVE HISTORY
P.L. 98-473
[page 199]

*18 U.S.C. 1963(a)*

Section 1963(a), as amended, sets out the penalties for racketeering offenses in violation of 18 U.S.C. 1962. Current fine and imprisonment levels are unchanged. Paragraphs (1), (2), and (3) describe property of the defendant which is to be subject to criminal forfeiture. Paragraphs (1) and (2) carry forward (but in clearer format) the description of forfeitable property appearing in current 18 U.S.C. 1963(a) (1) and (2). Paragraph (3) is new, and specifically provides for the forfeiture of proceeds derived from prohibited racketeering activity or unlawful debt collection. Both direct and derivative proceeds are forfeitable. As noted above, several courts have held that racketeering proceeds are not encompassed within current RICO forfeiture provisions and Supreme Court review of this issue is now pending. This limiting interpretation has significantly diminished the utility of the RICO criminal forfeiture sanction and is at odds with the overall purpose of this statute. Clarification of the forfeitability of racketeering proceeds has been included in past forfeiture legislation and criminal code revision legislation.[22]

To come within the scope of paragraph (3), property must constitute, or be derived from, proceeds the defendant obtained through the racketeering activity involved in the RICO violation. Thus, proceeds accruing to an enterprise or association involved in a RICO violation will be forfeitable only to the extent that they are derived from racketeering activity or unlawful debt collection.[23] For example, if only part of a corporation's affairs were conducted through a pattern of racketeering activity, the gain produced through this activity would be subject to forfeiture but the legitimately produced profits of the corporation would not.

In paragraph (3), the term "proceeds" has been used in lieu of the term "profits" in order to alleviate the unreasonable burden on the government of proving net profits. It should not be necessary for the prosecutor to prove what the defendant's overhead expenses were.[24]

S. 829 as introduced, not only specifically added proceeds to the description of property subject to forfeiture under 18 U.S.C. 1963(a), it also rephrased the description of forfeitable property under current section 1963(a) (1) and (2). While the Committee did not object to the substance of this revision, for it did no more than attempt to more fully explain the scope of current law, the revision was complex and, in the Committee's view, unnecessary. Preserving the existing language of 18 U.S.C. 1963(a)(1) and (2) and adding a specific reference to proceeds was deemed a better approach and the Committee adopted an amendment to accomplish this result. The ambiguity regarding forfeiture of proceeds is resolved, yet the body of case law otherwise interpreting the existing provisions of the RICO forfeiture statute can be retained. The Department of Justice concurred in this judgment.

---

[22] See S. Rept. No. 97-307, 97th Cong., 1st Sess. 995 (1981).
[23] The terms "racketeering activity" and "unlawful debt" are defined in 18 U.S.C. 1961.
[24] In *United States* v. *Jeffers*, 532 F.2d 1101, 1117 (7th Cir. 1976), aff'd in part, vacated in part, 432 U.S. 137 (1977), the court took notice of the "extreme difficulty in this conspiratorial, criminal area of finding hard evidence of net profits."

CONT. APPROP.—CRIME CONTROL ACT
P.L. 98-473
[page 200]

As amended by section 302 of the bill, 18 U.S.C. 1963(a) also makes it clear that its criminal forfeiture provisions are to apply irrespective of any contrary provisions in State law. In addition, the final sentence of section 1963(a) emphasizes the mandatory nature of criminal forfeiture, requiring the court to order forfeiture in addition to any other penalty imposed. This is in accord with case law holding the forfeiture provision of the present RICO statute to be mandatory on the trial court.[25]

*18 U.S.C. 1963(b)*

As amended, section 1963(b) emphasizes that property subject to forfeiture under the RICO statute may be either real property or tangible or intangible personal property, and underscores an intent, consistent with current law,[26] that the concept of "property" as used in section 1963 is to be broadly construed. Forfeiture legislation submitted by the Administration in the last Congress (S. 2320), and passed with amendments by the Senate as part of S. 2527, included in this provision a lengthy recitation of examples of types of property and interests that could be subject to a RICO forfeiture. In materials accompanying the submission of this bill, the Administration explained that this language had been dropped because it would be more appropriate to include such a discussion as part of the bill's legislative history. In essence, this language from the former forfeiture legislation emphasized the forfeitability of positions, offices, and employment contracts acquired or used in racketeering, of compensation or other benefits derived from such positions, and of amounts payable under contracts awarded or performed through racketeering. The Committee agrees that forfeiture of the right to exercise or benefit from such interests is fully consistent with the purposes of the RICO forfeiture sanction.

*18 U.S.C. 1963(c)*

Subsection (c) of 18 U.S.C. 1963, as amended by the bill, is a codification of the "taint" theory which has long been recognized in forfeiture cases.[27] Under this theory, forfeiture relates back to the time of the acts which give rise to the forfeiture. The interest of the United States in the property is to vest at that time, and is not necessarily extinguished simply because the defendant subsequently transfers his interest to another. Absent application of this principle a defendant could attempt to avoid criminal forfeiture by transferring his property to another person prior to conviction.[28]

The purpose of this provision is to permit the voiding of certain pre-conviction transfers and so close a potential loophole in current

---

[25] *United States v. Godoy*, 678 F.2d 84 (9th Cir. 1982), *petition for cert. filed*, No. 82-538 (Sept. 27, 1982); *United States v. L'Hoste*, 609 F.2d 796 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980).

[26] See *United States v. Rubin*, 559 F.2d 975 (5th Cir.), vacated and remanded on other grounds, 439 U.S. 810 (1977), where the defendant was convicted on RICO and other charges arising out of embezzlement of union and employee welfare benefit plans and was ordered to forfeit his various union and benefit plan offices.

[27] See, *e.g., United States v. Simons*, 541 F. 2d 1351, 1352 (9th Cir. 1976), citing *United States v. Stolwell*, 133 U.S. 1 (1890).

[28] This result was not permitted in *United States v. Long*, 654 F. 2d 911 (3rd Cir. 1981), in which it was held that property derived from a violation of 21 U.S.C. 848 remained subject to criminal forfeiture although transferred to the defendant's attorneys more than six months prior to conviction, and that an order restraining the attorneys from transferring or selling the property was properly entered.

# 1986 RICO Legislation

### SEC. 1153. SUBSTITUTE ASSETS.

(a) Section 1963 of title 18 is amended by adding at the end thereof a new subsection, as follows:

"(n) If any of the property described in subsection (a), as a result of any act of omission of the defendant—

"(1) cannot be located upon the exercise of due diligence;

"(2) has been transferred or sold to, or deposited with, a third party;

"(3) has been placed beyond the jurisdiction of the court;

"(4) has been substantially diminished in value; or

"(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).".

21 USC 853.

(b) Section 413 of title II of the Comprehensive Drug Abuse Prevention and Control Act of 1975 is amended—

(1) by redesignating subsection "(p)" as subsection "(q)"; and

(2) by adding a new subsection (p) as follows:

"(p) If any of the property described in subsection (a), as a result of any act or omission of the defendant—

"(1) cannot be located upon the exercise of due diligence;

"(2) has been transferred or sold to, or deposited with, a third party;

"(3) has been placed beyond the jurisdiction of the court;

"(4) has been substantially diminished in value; or

"(5) has been commingled with other property which cannot be divided without difficulty;

the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).".

Controlled Substance Analogue Enforcement Act of 1986.
21 USC 801 note.

## Subtitle E—Controlled Substance Analogue Enforcement Act of 1986

### SEC. 1201. SHORT TITLE.

This subtitle may be cited as the "Controlled Substance Analogue Enforcement Act of 1986".

### SEC. 1202. TREATMENT OF CONTROLLED SUBSTANCE ANALOGUES.

Part B of the Controlled Substances Act is amended by adding at the end the following new section:

#### "TREATMENT OF CONTROLLED SUBSTANCE ANALOGUES

21 USC 813.
21 USC 951.

"SEC. 203. A controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of this title and title III as a controlled substance in schedule I.".

### SEC. 1203. DEFINITION.

Section 102 of the Controlled Substances Act (21 U.S.C. 802) is amended by adding at the end thereof the following:

"(32)(A) Except as provided in subparagraph (B), the term 'controlled substance analogue' means a substance—

"(i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;