IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 16-130-01 |
| CHARLES M. HALLINAN | : | BEFORE THE HONORABLE EDUARDO C. ROBRENO |
| LINDA B. HALLINAN, and L.B.S., | : : | |
| Non-Parties. | : | |

**REPLY IN FURTHER SUPPORT OF
THE MOTION TO VACATE THE RESTRAINING ORDER**

Linda Hallinan and L.B.S., non-parties, respectfully submit this Reply in further support of their motion to modify the restraining order on their assets. The restraining order was entered on January 26, 2021.[1] The three accounts, which are restrained, are: (1) $624,000 in Pershing LLC account No. B40-402545, in the name of L.B.S. Trust, UAD 05/31/18; (2) $4,003.89 in Pershing LLC account RS1-146174, in the name of Linda Hallinan; and (3) $170,682.22 in Pershing LLC account B40-401554, in the name of Linda Hallinan (collectively the "Pershing Accounts"). The restraining order was entered pursuant to criminal forfeiture statutes, 18 U.S.C. § 1963(e) and 21 U.S.C. § 853(g).[2] The restraining order was improvidently entered and should be immediately lifted.

In its Opposition, the Government incorrectly argues that these assets were already forfeited in 2018, and suggests that there is no basis to object to the restraining order. It further

---

[1] Dkt. 815. The motion to vacate the restraining order was filed on February 9, 2021 at Dkt. 821. The Government's Opposition was filed on March 10, 2021 at Dkt. 842.
[2] The two forfeiture statutes are to be interpreted identically. *In re Assets of Martin*, 1 F.3d 1351, 1358 (3d Cir. 1993).

1

cites to authorities that hold that a third party cannot challenge the restraint of assets *pre-trial*. Petitioners Linda Hallinan and L.B.S. disagree and file their Reply.

    I.    **The Government is Playing a Game of Semantics to Justify a Wholly Improper Seizure of Assets**

Despite the Government's contentions to the contrary, it moved this Court *ex parte* on January 20, 2021 to restrain property pursuant to 21 U.S.C. § 853(g) and 18 U.S.C. § 1963(e). § 853(g) states: "Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper." § 1963(e) is virtually identical. Notably missing from the Government's January 2021 application was any mention of the U.S. Code as it relates to restraining order provisions, *i.e.,* 21 U.S.C. § 853(e) or 18 U.S.C. § 1963(d), which only apply to *pre-trial* restraints. It is the Government (which has full control of Linda Hallinan's and L.B.S.'s assets) that is mistaken, not the movants.

While the Government does point out that a preliminary order of forfeiture has subsequently been entered (which permits it to utilize § 853(g) and § 1963(e) to seize property), the case law holds that the Government ***must return improperly seized property***. *United States v. Mann*, 140 F. Supp. 3d 513, 532 (E.D.N.C. 2015) (noting that when the Government improperly and improvidently seized property under the criminal forfeiture statute, the property needed to be returned). Thus, the restraining order should be vacated.

    II.    **The Pershing Accounts Were Not Already Forfeited**

The Government argues that this Court *already* entered a forfeiture order for the Pershing Accounts. Dkt. 842, p. 4 ("An order of forfeiture was issued by this Court on July 6, 2018."). The facts show otherwise. The Justice Manual states that a party only has knowledge that an asset is subject to forfeiture if it is listed in the indictment. J.M. § 9-120.108 ("property is included in

the forfeiture count only under a generic description or by the inclusion of the all-inclusive statutory language, *an attorney does not have actual knowledge based on that fact alone that any particular asset is forfeitable.*") (emphasis added). According to the Government's own Justice Manual, no one would have knowledge that these Pershing Accounts were forfeited in 2018 because they were not listed in the indictment. Likewise, the Government contends that the Pershing Accounts contain proceeds from the sale of Linda Hallinan's and L.B.S.'s Clarity stock. No one could credibly claim that this Court's 2018 order provided notice that the 2018 Clarity stock had been forfeited. Under the Department's own guidelines, it cannot be reasonably argued that the Clarity stock (or the proceeds from the sale thereof) were already forfeited.

### III. Linda Hallinan and L.B.S. Have Standing to Challenge the Restraining Order

Finally, the Government argues that Petitioners lacks standing to challenge the restraint. It relies on a patchwork of authorities, many of which were overruled or being taken out of context, to reach the conclusion that Linda Hallinan and L.B.S. do not have standing to challenge the restraining order.

Preliminarily, there is a circuit split on this issue. The Seventh Circuit has held that a criminal restraining order does not bind a third party. In *United States v. Kirshenbaum*, the Seventh Circuit wrote that "non-parties who are bound by a court's equitable decrees have a right to move to have the order dissolved." *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1992). The court added: "Even if Congress intended to abrogate due process by empowering a district court to enjoin parties over whom it had no jurisdiction, it could not." *Id.*

at 795. The *Kirshenbaum* case does note a circuit split with the Second Circuit, the source of most of the authorities upon which the Government relies.³

The Government also cites *United States v. De Almeida*, 459 F.3d 377, 380-73 (2d Cir. 2006), but that case dealt with a request to return property to the petitioner after it prevailed in an ancillary hearing where a competing order had been issued by the district attorney's office. The case addressed whether the petitioners could bring a claim in another district under Rule 41(g), which is not being raised here. Additionally, the Government relies on *United States v. Kolfage*, 20 Cr. 412-AT, 2020 U.S. Dist. LEXIS 234554, at *26 (Dec. 14, 2020), which held that a third party may not intervene in a criminal forfeiture proceeding. However, *Kolfage* recognized that the ancillary claimant has a due process right in the ancillary proceeding to challenge the underlying forfeiture. *Id.* at *26 (citing *United States v. Daugerdas*, 892 F.3d 545, 557 (2d Cir. 2018)). The *Kolfage* court relies heavily on *Sunrise Acad. v. United States*, 791 F. Supp. 2d 200 (D.D.C. 2011). Notably, the D.C. Circuit reversed the district court in *Sunrise Academy* – even going so far as comparing the district judge's handling of the case to a scene from the "iconic" TV show *Friends*.⁴ *See United States v. Emor*, 785 F.3d 671 (D.C. Cir. 2015).

---

³ The Kirshenbaum court cited to *United States v. Long*, 654 F.2d 911 (3d Cir. 1981), which affirmed an asset freeze under a different statute against non-parties. However, that case was distinguishable because the asset freeze was handed down before indictment and the allegations were that the assets were transferred to a third party who knew that the assets were subject to forfeiture. Linda Hallinan and the L.B.S. trust received these assets years before an indictment was handed down. *Long* is factually and legally distinguishable.

⁴ D.C. Circuit Judge Brown wrote:
> In an episode of the iconic 1990s television show *Friends*, Joey Tribbiani tries to dissuade Rachel Green from moving to Paris. Joey asks Rachel to flip a coin. If he wins the coin flip, she must agree to stay. Rachel flips the coin; Joey loses. When later recounting the story to Ross Gellar, a befuddled Joey says, "[w]ho loses fifty-seven coin tosses in a row?" *Friends: The One with Rachel's Going Away Party* (NBC television broadcast Apr. 29, 2004). Before Ross can answer, Joey explains Rachel's rules: "Heads, she wins; tails, I lose." *Id.* The proceedings in this case have largely followed the same rules.

785 F.3d at 672.

The Government cites *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) for the proposition that third parties do not have rights in the preliminary stage of a criminal forfeiture proceeding. This case involves a petition brought by Eurofed Bank, an Antiguan bank which held money in the United States. By way of background, the defendant Pavel Lazarenko was the former Prime Minister of Ukraine. He also was a shareholder of and deposited his money at Eurofed Bank (along with other depositors). After Mr. Lazarenko was arrested by Swiss authorities, Eurofed Bank was placed into liquidation by the Antiguan government. Upon his conviction in the United States, the Government sought a preliminary order of forfeiture for one Eurofed Bank account in the United States. The liquidators moved to intervene in the preliminary phase of the forfeiture proceeding. On appeal, the Ninth Circuit affirmed the district court's order denying the motion to intervene. But, the Ninth Circuit did not find a lack of standing. Indeed, it specifically found that the liquidators *could* present their legal arguments concerning, among other theories, the statute of limitations, *res judicata*, and the act of state doctrine in the ancillary proceeding. *Id.* at 650 & n.2. A result which is different than that reached by this Court. Dkt. 823.

Missing from the Government's submission to this Court is the rest of the story. In the ancillary proceeding, the Government persuaded the district court judge to strike the liquidators' claim due to lack of standing. On a second appeal in the Ninth Circuit, the liquidators ultimately prevailed. The Ninth Circuit wrote:

> At oral argument in the original appeal, counsel for Liquidators expressed his fear that the government was playing a "shell game" whereby the government asserts that Liquidators can raise their arguments later, but subsequently states that Liquidators cannot raise the arguments at all. His concern turned out to be justified, as that is exactly what the government did at the ancillary proceeding following our remand. Under the circumstances, judicial estoppel bars the government from effecting its sleight of hand.

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1144 (9th Cir. 2011). The Ninth Circuit applied the doctrine of *res judicata* and dismissed the Government's forfeiture claims in their entirety. The Ninth Circuit also awarded attorneys' fees based on the Government's representations in the first appeal. Thus, the Government's reliance on the *Lazarenko* case actually supports the Petitioners' position and not the Government's.

Likewise, the Government cites to *United States v. McHan*, 345 F.3d 262, 269 (4th Cir. 2003) (before the preliminary order of forfeiture is entered, no third party claiming an interest may intervene) and *United States v. Park*, 825 F. Supp. 2d 644, 649 (D. Md. 2011). The Government fails to inform this Court that the Fourth Circuit overturned its forfeiture precedents. *See United States v. Chamberlain*, 868 F.3d 290, 296-97 (4th Cir. 2017) (en banc). Notably, since *Chamberlain*, a district court in this same position has found that the restraint of untainted funds is unlawful. *United States v. Miller*, 295 F. Supp. 3d 690, 696 n.5 (E.D. Va. 2018) (Ellis, J.) ("pretrial restraint of untainted assets is <u>illegal, regardless of whether the assets are necessary for a legal defense</u>."). Clarity was a business that was not providing payday lending services and the funds do not meet the definition of a specified unlawful activity in 18 U.S.C. § 1956 or proceeds under 18 U.S.C. § 981(a)(2). The unrebutted testimony at trial was that Clarity only paid $324 to Charles Hallinan.

WHEREFORE, Linda Hallinan and L.B.S. respectfully request that the Court vacate the restraining order.

Respectfully submitted,

By: /s/ Jed M. Silversmith
Jed M. Silversmith (Pa. Bar Number 83964)
Blank Rome LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103

Phone: (215) 569-5500
Fax: (215) 569-5555
jsilversmith@blankrome.com