**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : <br> CHARLES M. HALLINAN, : <br> : <br> Defendant. : <br> _____ : <br> : <br> LINDA B. HALLINAN and L.B.S., : <br> : <br> Movants. : <br> / | Criminal Case No. 16-130-01 <br><br> (Case No. 2:16-cr-00130-ER) |

**CLARITY SERVICES, INC.'S RESPONSE TO MOTION**
**FOR LEAVE TO FILE UNDER SEAL**

Clarity Services, Inc. ("Clarity"), a wholly owned affiliate of Experian Holdings, Inc., respectfully responds to the Motion for Leave to File Under Seal (the "Motion") filed by Linda Hallinan and L.B.S. ("Movants").

Movants request that five pages from a Clarity S corporation tax return (the "Clarity Tax Return") they cite in their recent opposition to the Government's motion to dismiss be filed under seal, but Movants also note that there is a right to access judicial records and documents. Motion at 1-2. Clarity agrees that there is a qualified public right to access judicial records and that the Clarity Tax Return was admitted into evidence during the criminal trial of Charles Hallinan. Nevertheless, Clarity believes that the Court has the discretion to file the Clarity Tax Return under seal (or require that the Return be filed publicly but with all information redacted from it other than the limited information in the Return upon which Movants rely in their opposition brief). Furthermore, the Court should exercise that discretion to file the Clarity Tax Return under seal (or have it filed publicly but with all unnecessary information redacted).

First, Clarity was not a party to Hallinan's criminal trial and did not have an opportunity to object to the use, or request the sealing, of the Clarity Tax Return in that trial. Moreover, the Clarity Tax Return is not otherwise available today in Pacer (the Public Access to Court Electronic Records system), and would only become accessible through Pacer if the Court were to deny the Motion and allow Movants to electronically file the Return in the public record.

Second, the Clarity Tax Return was not a critical piece of evidence, and was addressed only briefly, in the Hallinan criminal trial. It was unrelated to the core issues in the trial (there was no argument or suggestion that Clarity was either a payday lender, a tribal owned entity, or anything other than a legitimate credit data services company), and it was not cited by the Court in connection with any of its substantive rulings. The Clarity Tax Return therefore is not a

1

document of interest to a member of the public seeking to review, understand or scrutinize the Hallinan criminal trial. *See In re Avandia Mktg., Sales Pracs. and Prods. Liab. Litig.*, 924 F.3d 662, 677 (3rd Cir. 2019) (public has a right to access documents from judicial proceedings to promote public understanding of and confidence in the judicial system and to reduce the possibility of injustice or fraud in judicial proceedings).

Third, even though Movants seek to file only five pages from the Clarity Tax Return, those five pages contain facially obvious sensitive business information of Clarity – data on revenue, cost of goods sold, bad debts, salaries and wages, advertising expenditures, and more. In this Circuit, protecting business information that could harm a company's competitive standing is a recognized basis to seal judicial records notwithstanding the public's general right to access judicial records. *See id*. at 679.

Fourth, there are no countervailing considerations against protecting Clarity's sensitive business information from open disclosure. Clarity is not a "public entity or official," the Clarity Tax Return does not contain information "important to public health and safety," and the Clarity Tax Return is not material to any "issues important to the public." *Rosenblit v. City of Philadelphia*, 2021 WL 288887, at *5 (E.D. Pa. Jan. 28, 2021). The Clarity Tax Return reflects the private, confidential information of a non-party to the instant proceeding, and it should be accorded the protection against public disclosure regularly afforded to non-parties' sensitive private information. *See id*. at *6.

**FOR ALL OF THE FOREGOING REASONS**, Clarity respectfully requests that the Court grant the Motion as to the Clarity Tax Return and permit the filing of the Clarity Tax Return under seal.

Date: April 5, 2021

Respectfully submitted,

/s/ Rebekah Byers Kcehowski

Rebekah Byers Kcehowski
Email: rbkcehowski@jonesday.com
**JONES DAY**
500 Grant Street
Suite 4500
Pittsburgh, PA  15219
Telephone:	(412) 391-3939
Facsimile:	(412) 394-7959

/s/ Christopher R.J. Pace

Christopher R.J. Pace (*pro hac vice*)
Email: crjpace@jonesday.com
**JONES DAY**
600 Brickell Avenue
Suite 3300
Miami, FL  33131
Telephone:	(305) 714-9700
Facsimile:	(305) 714-9799

*Attorneys for Clarity Services, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2021, I directed that the following be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record for the parties.

/s/ Rebekah Byers Kcehowski
Rebekah Byers Kcehowski

3