**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES M. HALLINAN <br><br> Defendant. | Civil Action No.: 2:16cr130 |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN**
**OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO**
**18 U.S.C. § 3582(c)(1)(A)(i)**

I, Charles Hallinan, respectfully offer the following counterpoints to the response to my motion for compassionate release. I have tried to keep them brief and targeted, but feel compelled to point out some of the many unproven assertions that aren't particularly relevant to the gravity of my health conditions combined with my advanced age of 84 years and the ongoing lack of adequate care and resources.

1.  Unfortunately, the tone of Mr. Dubnoff's Opposition Brief is set in the first substantive sentence, where he engages in name calling, continuing attacks on me years after I reported to prison. Mr. Dubnoff seems to have a personal vendetta against me. He uses suppositions and makes wild charges and states them as if they are facts. He accuses me of things like being a tax cheat, hiding assets, hiding my involvements, using a heavily regulated bank as a straw person, willfully refusing to attend an appointment with a cardiologist, etc., but offers no proof whatsoever. He really makes me appear to be the worst possible person. Yet a "loan shark" does not have lawyers advising him and drawing legal documents, and a person who follows his lawyer's advice is not a "liar." And as to "tax cheat," my tax

returns were scrutinized for years before and after I was charged, yet no charge was ever made against me.  Mr. Dubnoff says I'm a "danger to the community" even though I lived an exemplary life & was never charged with a crime until I was 76 years old. How do you reconcile those facts with baseless accusations?

2.  As to Mr. Dubnoff's claims about relationships with a federally insured bank and Indian Tribes as "straw" lenders, here is what I have always believed: the bank (and later Tribe) was the true lender & the arrangement was legally sound.  There were continuing legal authorities that supported the soundness of these arrangements.  Meanwhile, the FDIC held periodic, on-site examinations that involved not only the bank but also my servicing business; it never claimed that anything was illegal.

3.  Calling Scott Tucker and Adrian Rubin my "proteges" is just plain unfair.  Both were involved in lending and other businesses independent of and before me, and I was not involved in their businesses for many years before I was charged in this matter.

4.  I realize it does not make much sense for me to quarrel with Mr. Dubnoff's adversarial comments.  I think the real issue is whether I am entitled to compassionate release so I would like to focus the Court on a few things.

5.  The reference to anything I said about my medical condition during my February 21, 2020, deposition is now dated by more than five years.  It has obviously evolved, while I have grown older by five years.  Here is my situation today.

6.  I am 84 years old, and my health is terrible.  As explained in my motion and displayed in my medical records, I have congestive cardiac failure, coronary

2

artery disease, atrial fibrillation, celiac disease, hyperlipidemia, hypertension, dyslipidemia, leg edema, dyspnea, anemia and orthopnea. That is undisputed. And I am getting worse, not better, which is also undisputed. This is summarized on Pages 7/10 of my Motion. My cancer is in remission and is not cured. On pages 16/17 of my Motion numbers 1 through 8, I tried to give the Court a "real world" look at the care I am getting in prison. It speaks for itself. Indeed, I have lost around 20% of my body weight due to constant diarrhea from my medical condition. That has been a horrible occurrence that should not be wished upon anyone. And that is only happening because of the inadequate medical and nutritional capabilities of the prison, coupled with my health maladies and my advanced age. There is no denying it.

7.    In addition, this inadequate medical care is clearly threatening to my life. I have had squamous cell carcinoma for 16 months and was not even biopsied for a year. This is highly dangerous; if it gets into my blood, it will kill me. When a surgeon finally treated me, she was only aware of one growth; I had to inform her of a second growth. And now, I have about 10 more growths. Yet they refuse to look at them. Instead, they say they won't do anything because they do not have time to look at them. While the original two growths were eventually removed, that was after many months when they continued to grow, even oozing discharge that I had to clean myself every night. These growths were obvious to anyone, yet there was no care to be had during that long period of time. And the growths were of the most aggressive and deadly form of skin cancer. Yet it continues; I was supposed to have a consultation two months ago, which never occurred. All this

3

is because the prison is far understaffed for medical care as indicated in its reports to Congress. One doctor for almost 1000 people just cannot deliver timely and necessary medical care to somebody as old and sick as me. Meanwhile, my condition continues to waste away from the scant medical care I received coupled with my advancing age.

8.    And in that regard, I want to be specific about a false claim made by Mr. Dubnoff in the last sentence on page 9 of his opposition. He claims that I "refused" a medical consultation. That is false. The appointment that he references for a cardiologist was postponed because I had gotten scheduled for a conflicting appointment to review a report about the surgical removal of the cancerous growths on my skin. I was told that it was more urgent for me to address the aggressive skin cancer that continued to grow than to see the cardiologist on that day. That is a good example of Mr. Dubnoff attempting to minimize my medical history while maintaining a false characterization of me.

9.    Meanwhile, as I sat here today, my weight is now down to 125 pounds from 170 when I arrived. I have been fighting low blood pressure for the last week. It was as low as 80/65. Nobody can explain why the problem has arisen and I am not receiving any treatment as a result. I am thought to be at serious risk of a heart attack that would prove to be fatal, and it's suspected that I have already experienced one. Further, my celiac condition seriously complicates the situation. The gluten-free diet that is offered in prison is totally inadequate. If I were outside, I would receive the nutrition that is necessary and proper for my circumstances and I'm sure my weight would return. As a result of my health

4

situation, I have absolutely no energy. I have also been on the verge of being disoriented at times from these conditions. I have been sleeping most of the day as a result. Although I've been kept in prison, some have considered if I should be sent to the hospital. Ultimately, I have been left in prison while we wait and see if I get better.

10.      I do want to keep this reply short and will conclude by reiterating the simple, undisputed facts. I am 84 years old. My medical condition makes clear I am on an end-of-life trajectory that is being hastened by the conditions of my imprisonment. I have already served 81 months of my 168-month sentence for nonviolent offenses; or 81 months of a good time credit sentence of 142.8 months. I have been a model inmate. I pose no threat of repeat offenses and was never previously charged with a crime. I have been reduced to poverty. I respectfully want to spend my remaining months with my family, just as they want to spend that time with me. If I am not soon released, it should be apparent from my medical problems and advanced age that I won't ever get that opportunity.

Respectfully submitted

*/s/ Charles M. Hallinan*

Mr. Charles M. Hallinan
Fed. Reg. No. 7520766
Federal Correctional Institution
Butner, NC 27509-0999

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Reply to the Government's Response in Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) will be sent by e-mail to all parties by operation of the Court by mail to Clerk of Court for electronic distribution.  Parties may access this filing though the Court's CM/ECF System.

Respectfully submitted

*/s/ Charles M. Hallinan*

Mr. Charles M. Hallinan
Fed. Reg. No. 7520766
Federal Correctional Institution
Butner, NC 27509-0999

## <u>DECLARATION OF INMATE FILING</u>

I am an inmate confined at the Federal Correctional Institution located at P.O. BOX 999, Butner NC 27509.  Today, I am depositing the foregoing Reply to the Government's Response in Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i), in this case in the institution's internal mail system.  First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Respectfully submitted

*/s/ Charles M. Hallinan*

Mr. Charles M. Hallinan
Fed. Reg. No. 7520766
Federal Correctional Institution
Butner, NC 27509-0999